## FINCH'S EXECUTORS *versus* ALSTON.

1. In an action of trespass *quare clausum fregit*, for taking away a house; evidence that the same was taken away with plaintiff's consent, is not admissible, under the general issue, in defence to the action.
2. A charge in the declaration, filed in such action, that the "defendant broke and entered plaintiff's close," is a sufficient averment of possession, to authorise the admission of testimony to show that the plaintiff was in possession at the time the trespass was committed.
3. In this action, evidence of an outstanding title is not admissible on the part of the defendant, to justify a trespass to lands in the *possession* of the plaintiff.
4. The presumption of law is, that he who has possession, has the title.
5. Where A's close has been entered, and a house removed, which house is found on the land of, and occupied by B—in an action of trespass, under the plea of *not guilty*. it is presumable that B is the trespasser, and the *onus probandi* of the contrary, rests on the defendant.

In error from Marengo county.

The defendant in error instituted his action of trespass, *quare clausum fregit*, against Finch, to recover for the forcible removal of log houses from the land of the former. Under the general issue, the jury gave a verdict for the plaintiff below, which was here sought to be reversed on the following exceptions, sealed in the cause, viz:

First— That the Court below refused evidence that the said houses, were removed by and with the plaintiff's consent.

Second—That the Court admitted evidence offered by the plaintiff of his possession, when the declaration contained no express averment of possession.

Third—That the Court refused to admit the defendant to show, by testimony, that the plaintiff had no title to the lands trespassed upon.

Fourth—That the Court instructed the jury, that the houses being on the land of the defendant, and in

his occupation was evidence of the commission of a trespass, unless he accounted for that possession.

*Lyon*, for Plaintiff.——*Pickens, contra.*

TAYLOR, J.—This is an action of trespass *quare clausum fregit*, brought by the defendant in error, against the decedent, in his life-time, in the County Court of Marengo, and which, after suggestion of the death of the decedent in this court, has been revived against his representatives.

In the court below the general issue was pleaded, a trial had thereon, and a verdict and judgment were rendered in favor of the original plaintiff.

The assignments of error all grow out of the bill of exceptions; which will be considered in their order.

1st. The first assignment is, that " the court below refused to admit evidence offered by the defendant to prove that the houses were removed with the knowledge and consent of the plaintiff, and under an acknowledgment on his part that they were the property of the defendant."

The part of the bill of exceptions, to which this assignment relates, is in the following words :-

" The defendant offered to prove that a parol contract had been entered into between the parties, by which the plaintiff agreed to sell, and the defendant to purchase, the land described in the declaration, for a stipulated price; that before the consummation of the contract, the plaintiff sold to another person ; and that after the time of making the contract, and before the sale of the land by the plaintiff to the third person, a conversation took place between the parties, in which the defendant expressed a wish to remove

the log houses, which form the subject of the present suit, and that the plaintiff acknowledged the houses to be the property of the defendant, and gave his consent and approbation to the removal of the same, in consequence of the parol agreement for the said land, and that they were removed in pursuance of the acknowledgment thus made." This testimony was rejected by the court.

The question is, was this competent testimony under the general issue ?

This proof was offered, not to mitigate the damages, but as a defence to the action : for it is obvious, that if it appeared to the jury that the plaintiff had authorised the houses to be removed, they could have rendered no verdict in his favor. The evidence, in fact, would have amounted to a justification.

It was not contended in argument, that the parol contract gave to the defendant any title to the land, or a right to enter upon it. That agreement. was admitted to be a void one under the statute of frauds ; but it was contended that the authority given by the plaintiff to the defendant, which it was wished to prove, virtually put the defendant into the possession of the land ; and that he had a right to prove that possession under the general issue. It is most true, that in an action of this kind, the defendant is authorised, under the general issue, to prove possession or title in himself, because without possession, the plaintiff can not sue. But to consider the defendant constructively in possession, while the plaintiff was actually so, would be drawing an inference which no state of the case could warrant. We can not view the defendant as in possession, and must determine whether the consent of the plaintiff to his entering

upon the land and moving the houses, would afford him an excuse for doing so, as the pleadings stood.

In 1 *Chitty's Pleadings*, 492, we are informed that " in trespass, whether to the *person, personal* or *real property*, the defendant may, under the general issue, give in evidence any matter which directly controverts the truth of any allegations, which the plaintiff on such general issue, will be bound to prove, and no person is bound to justify, who is not, *prima facie*, a trespasser. But where the act would, at common law, *prima facie*, appear to be a trespass, any matter of justification or excuse, or done by virtue of a warrant or authority, must, in general, be specially pleaded: and therefore, even where the defendant did the act *at the request of the plaintiff*, or where the injury was occasioned by the plaintiff's own default, these matters of defence must be specially pleaded." And in 2 *Campbell*, 378, '9, the same doctrine is laid down by Lord *Ellenborough*, in the case of *Milman* vs. *Dolwell*. That was an action of trespass for cutting the plaintiff's barges from their moorings in the river Thames, whereby they had been set adrift and injured. It appeared that at a time when there was a great quantity of ice in the Thames, the defendant took two barges of the plaintiff from the middle of the river, where they were moored, to the opposite shore, and that one of them was immediately after discovered to have a hole in its bottom ; but there was no evidence to show how this had been occasioned. The defendant offered to prove that if he had not interfered, the barges would most probably have been destroyed, as they were in imminent danger from the ice ; that he did what was most for the plaintiff's advantage,

and that he had been employed by the plaintiff gene-
rally, to take charge of the barges.

But Lord *Ellenborough* said, "These facts should
have been specially pleaded. I cannot admit evi-
dence of them under the plea of not guilty. The
defendant allows that he intermeddled with goods,
which were the property, and in the possession, of
the plaintiff. By so doing, he is presumed to be a
trespasser; and if he has any matter of justification,
he must put it upon the record. The plea of *not
guilty* only denies the act done, and the plaintiff's
title to the subject of the trespass."

It is useless to multiply authorities: this might
easily be done. The quotation from *Chitty* shews,
that a trespass on real, and one on personal property,
is governed by the same rules. The evidence was
properly rejected.

2d Assignment. "The court admitted evidence
offered by the plaintiff below, to shew his posses-
sion of the premises in question, at the time of the
alleged trespass, when no possession is alleged in the
declaration."

It is understood by the assignment, that the plain-
tiff in error contends that it is necessary for the de-
claration to contain an express averment, that the per-
son who brings the suit was in possession of the
premises at the time the trespass is alleged to have
taken place. The declaration in this case corres-
ponds with the forms given in books of practice, and
contains every substantial averment. The defend-
ant below is charged with having *broken and entered
the close of the plaintiff*. The presumption of the
law is, that the person who has the title, is the one
in possession. But the charge, that the defendant

"broke and entered the close of the plaintiff," in-
cludes within it an averment of possession in the
plaintiff, because this alone could make it his "close,"
so as to authorise this action; and if a trespass were
committed upon his *possession*, the averment, that de-
fendant broke and entered *his close*, is true, no matter
if the *title* resided in another. This is a possessory
action; and the right of possession can, in this re-
spect alone, be the subject of inquiry.

3d. The next assignment which will be noticed,
is as follows:

"The court rejected evidence which was offered by
the defendant, to show that the title to the premises
in question was not in the plaintiff, but in a third
person."

From the bill of exceptions, it appears that the
defendant offered to prove an outstanding title: and
this assignment conveys the same idea. There is
no doubt but it was competent for the defendant to
prove title in himself, or in a third person, under
whose direction he acted in removing the houses, &c.
But that the title to the premises resided in a third
person, from whom he derived no authority, could
be no evidence in his favor: the possession vested a
right in the person holding against all persons, except
the real owner. Nor are we authorised to presume,
that the defendant expected to show an authortiy
from the person in whom the title resided, to enter
upon the lands. He stated what he expected to prove
by the witness: the presumption is, that his proof
would have been in conformity with this statement;
if it would have gone further, he should so have in-
formed the court. *Chitty*, in his first volume on
pleading, 492, says, "In trespass to real property,

this plea, (not guilty,) not only puts in issue the fact of the trespass, &c.; but also the title, whether freehold or possessory, *in the defendant, or a person under whom he claims*, may be given in evidence under it

To the same effect, is the case of *Dodd vs. Keflin*, [a7 TermR. 354.] and *Argent vs. Durrant*, [b] and many other cases which [b 8 ib. 403.] might be cited.

There remains one more assignment to consider, which is as follows : " The court erred in instructing the jury, that the fact of the houses being found upon the premises of the defendant, and in his occupation, was evidence of the commission of a tresspass with force and arms by him, unless he accounted for their possession."

It appears by the bill of exceptions, that a witness, introduced by the plaintiff, testified that some short time after seeing the two log houses on the premises of the plaintiff, he saw the same log houses on the premises of the defendant, and in his use. · On this evidence, the court charged the jury, substantially as set forth in the assignment.

It is believed that this charge contains a correct exposition of the law. If A. brings an action of trover against B. for the conversion of a horse, and proves title in himself, and a demand, it devolves the burden on B. of proving that the title of A. has been divested, or that he has a better. And it will not be presumed that B. has purchased the horse of A. If the close of A. has been broken, and a fruit tree dug up and carried off, and that tree is found set out in the yard of B, especially if he is seen doing some act which shows that he has a knowledge of its being there, it affords *prima facie* evidence that he was the trespasser. So, if a house has been

removed from the land of A, and is found on the land of B, and occupied by B, under the plea of *not guilty*, in an action of trespass, it devolves upon B. the necessity of accounting for its being there, consistently with his innocence. Under a plea of justification, the jury would be authorised to enquire, without further proof, whether or not it was a circumstance, from which they could infer that the defendant had the plaintiff's consent to act as he had done. But as the inquiry, under the general issue, is confined to the title, and whether the act was done or not, and no matter of justification can be taken into consideration, the legal conclusion, from the proof adduced, is in accordance with the charge of the Court.

The judgment is affirmed.