WILLIAM N. LILES ET AL. *v.* NATHAN W. CAWTHORN.

1. APPEALS. *Supreme court. Amount of judgment. Code* 1892, ¿ 85.

An appeal lies to the supreme court from the judgment of a circuit court for fifty dollars in a cause brought therein, the statute limiting the right of appeal to cases where the judgment exceeds said sum, code 1892, ¿ 85, having reference only to suits begun before justices of the peace.

2. BOARD OF SUPERVISORS. *Nuisances.*

A board of supervisors is without authority to adjudge a milldam to be a nuisance.

3. NUISANCES. *Private nuisance. Abatement.*

Any person injured thereby may of his own authority abate a private nuisance, but such redress must be reasonable, and not exceed the measure of his right.

4. WATERS. *Obstructions.*

Every proprietor through whose land a stream passes is entitled to have it run in its natural state without diminution or obstruction.

5. SAME. *Case.*

When the owner of a water mill so builds the dam thereof as to cause the back water therefrom to injure the power of a like mill on the same stream, the owner of the latter may treat such dam as a nuisance, and of his own authority enter and remove so much of the same as causes the injury sustained.

FROM the circuit court of Marshall county.

HON. Z. M. STEPHENS, Judge.

The appellants were defendants in the court below, and the appellee was plaintiff there. W. N. Liles and N. W. Cawthorn each owned a water mill on Coldwater creek, in Marshall county, that of the former being about one mile the higher up stream. Liles complained to the board of supervisors that Cawthorn had dammed up the creek at the latter's mill so as to cause the water to back up the stream and injure the water power at his mill. The board ordered the appellant, Mullins, then sheriff of the county, to remove the dam, and he did so through a deputy and some hands furnished by Liles, at the deputy's request. The action was brought in the circuit court against both Liles and Mullins for $500, and a recovery had for $50, whereupon the defendants appealed to the supreme court.

*W. A. Belk*, for appellants.

Code of 1892, § 32, gives the right of appeal in cases originating in the circuit courts, regardless of amount, and § 85 of the same code on which the motion to dismiss is founded, has relation only to cases originating in the courts of justices of the peace. Appellant Liles has a right to go upon Cawthon's land in person and abate the nuisance to extent of relieving himself of the injury being done to him. It was a private nuisance and Liles' property was being directly injured thereby. Wood on Nuisance, sec. 1, and note, also secs. 106 and 107; 16 Am. & Eng. Enc. L. (1st ed.), 989; *Wright* v. *Moore*, 32 Am. Dec., 731; *Styles* v. *Laird*, 63 *Ib.*, 110; *Gates* v. *Blincoe*, 26 *Ib.*, 440, and notes thereunder on page 443; Angell on Water Courses, secs. 389 and 390; 8 Am. & Eng. Enc. L. (2d ed.), 720, and cases there cited. Also *Buckingham* v. *Elliott*, 62 Miss., 296.

Whether the board of supervisors, under code of 1892, § 289, had jurisdiction over this matter or not, yet, it is certain that both Mullins and Liles thought it had, and obeying this order in good faith, relieves their conduct to such an extent as

to eliminate all punitive damage therefrom.    5 Am. & Eng.
Enc. L. (1st ed.), 21.    Where the process of the court is used
improperly, but in good faith, then the damage is restricted to
actual damage alone.    *Millard* v. *Brown*, 35 N. Y., 297;
*Oursler* v. *R. R. Co.*, 70 Md., 358; *Beveridge* v. *Welsh*, 7
Wis., 394.    It will be remembered that Liles allowed his hands
to go with Callahan, the deputy, to remove said obstruction,
only when requested so to do by that officer, and that he, Liles,
was not present at all when the dam was removed.    The court
ought to have allowed appellants to have introduced to the jury
the record of the board of supervisors in the matter, as they
offered to do.    It was clearly error in the court to exclude that
record as evidence; it was competent to show good faith in
Mullins and Liles in what they did in the premises, and thus
relieve their conduct of any grounds on which punitive dam-
ages could be founded.

*Smith & Totten*, on same side.

Boards of supervisors, among other things, are vested with
the jurisdiction of county police.    Code 1892, § 289.    By
chapter 92 of the same code they are vested with full jurisdic-
tion over mills and milldams, and no milldam can be lawfully
erected without their authority.    Code, § 2899.

The board have jurisdiction of the subject-matter, and the
sheriff was protected by the order which directed the issuance
of the writ for the removal of the dam.    We insist, also, that
the order is not open for collateral attack, however irregular
and erroneous.    *Moore* v. *Ware*, 51 Miss., 206; *Parisot* v.
*Green*, 46 Miss., 747.

If the board had jurisdiction to prohibit the erection of
dams across streams, then has it also not the power to re-
quire the removal of milldams erected without their authority
and maintained in violation of their order?    If they have not
this full power, they are impotent as a court, in that they may
pass orders without power to enforce them, a judicial condition

which is an anomaly. If the board has jurisdiction of the subject-matter and the orders were valid, they were a complete protection to the sheriff, Mullins, and were improperly excluded by the court from the jury, because the sheriff is required "to execute all the processes and orders of the board." Code, § 284. Then, too, these orders were judicial ascertainments of the board, and, on this account, competent evidence.

Appellant, Mullins, was sheriff, and attempted to justify under the process issued by the board of supervisors. If the writ was void, which we deny, only actual damages could have been recovered under this phase of the case, as his acts were not wilful nor wanton. *Logfellow* v. *Quigley*, 48 Am. Dec., 525; *Curtis* v. *Hoit, Ib.*, 149.

If the proceedings before the board of supervisors are in fact void, as claimed by appellee, the said proceedings and writ must first be set aside and annulled. *Day* v. *Tharp*, 4 Wharton (Pa.), 339.

We submit that Cawthorn's dam was a nuisance, and was daily injuring the property of Liles, and that he, or his agent, Mullins, had a legal right to do what they did do, viz., to enter upon Cawthorn's property and abate the nuisance in the manner that the same was done. Cooley on Torts, pp. 46, 47 and 48; *Mohr* v. *Gault*, 78 Am. Dec., 687, and note; *Brown* v. *Perkins*, 12 Gray, 89; *Stiles* v. *Laird*, 5 Cal., 120, s. c. 8 Am. & Eng. Enc. L. (2d ed.), 720; *Buckingham* v. *Elliott*, 62 Miss., 300; Cooley on Torts, pp. 582, 583.

*O. K. Gary*, for appellee.

1. The judgment did not exceed fifty dollars, and defendants were without right to appeal to this court. Code of 1892, § 85.

2. The board of supervisors is a court of limited jurisdiction, having only such powers as is vested in it by law, and there is absolutely nothing in the law that could be construed to give them authority to order the removal of Cawthorn's dam.

3. Defendants insist that they had the right to go upon plaintiff's land and destroy his milldam, if it was injuring him, or tear down so much of it as would remedy the injury. If this is the law, then riot and bloodshed will reign in the land. We do not believe this is law, ever was, or ever will be.

4. The verdict of the jury was fifty dollars. It is clear that by that verdict they intended to give only actual damages. The evidence on the part of plaintiffs was that it would cost one hundred dollars to replace the dam.

TERRAL, J., delivered the opinion of the court.

The appellee, Cawthorn, plaintiff in the circuit court of Marshall county, sued Lyles and another in tort in the sum of five hundred dollars, and recovered a judgment for fifty dollars. From that judgment Lyles appeals.

A motion to dismiss the appeal is made, and this raises the first question for decision.

The ground of action is based upon the entry by defendants below upon the lands of the plaintiff and the destruction of his milldam; to which wrong the defendants pleaded that one of them owned and operated a water mill and gin just above the water mill and gin of plaintiff upon Coldwater creek, and that plaintiff's dam caused the water of the creek to flow back upon the defendant's mill and destroy his water power, and was thereby a nuisance to him, and that by the authority of the board of supervisors, which had ordered said dam to be abated as a nuisance, he entered upon the lands of the plaintiff and took down his milldam, but only to such extent as would relieve the defendant's mill from the refluent water thrown back upon it by the milldam of plaintiff; and offered evidence tending to support such contention.

1. We are of the opinion that the appeal was properly brought in this case. Section 32, annotated code, gives an appeal to the supreme court from any final judgment of a circuit court in a civil case. Where the suit is brought in the circuit court

it is not necessary that the amount involved should be more than fifty dollars, as is the case under section 85 of causes originating before a justice of the peace.

2. We are of the opinion that the board of supervisors of Marshall county, under section 289, annotated code, had no power to decree the milldam of Cawthorn a nuisance, and that the proceedings of said board in reference to that matter were properly excluded from the jury. But, nevertheless, the law is quite uniformly held to be that a person injured by a private nuisance may, of his own authority, abate such nuisance.

"Water runs, and ought to run, as it was wont to run," is a principle of the common law. Every proprietor of the soil through which a stream passes, has a right to have it run in its natural current without diminution or obstruction. The difference of level between the surface where the stream first touches his land, and the surface where it leaves it, is the privilege of water power, which the proprietor may use and appropriate in any way desired by him for his advantage, without interruption on the part of others, and any interference on the part of others will subject the wrongdoer to all the consequences imposed by law thereon. An inferior proprietor may not, by any dam however useful to him, throw back the water in any appreciable degree, however small, upon the proprietor above him, and if he do so, he would be guilty of an actionable nuisance, for which a remedy is provided. Angell on Water Courses, ch. iv.

A private nuisance may be abated by any person injured thereby. If the nuisance be by refluent water thrown back in the channel of the stream so as to raise the level of the water where it passes from his land, thereby diminishing his water-power, and such refluence of water is caused by a dam or obstruction made by the inferior proprietor, he may, of his own authority, enter upon the land of the inferior proprietor, and remove so much of the dam or other obstruction as causes the refluent water. This redress, like every redress which a party may do for himself, must be exercised reasonably, with-

out strong hand, and must not exceed the measure of right. And the right is to remove only so much of the dam or obstruction as will free the stream on his own land from refluent water caused by such dam or obstruction.    The right of Lyles was only to remove so much of Cawthorn's dam as makes it a nuisance to him, that is, to stop the refluence of the water of Coldwater river, upon his, Lyles', land.    We append the following authorities as sustaining, in our view, the doctrine here announced: 3 Bl. Com., 5; *Wright* v. *Moore*, 82 Am. Dec., 735; Addison on Torts, 396; *Perry* v. *Fitzhowe*, 55 E. C. L. R., 776; *Cooper* v. *Marshall*, 1 Burrow, 267; *Roberts* v. *Rose*, 1 L. R., Ex. Cas., 89; Wood on Nuisances, sec. 834.

The case below did not proceed upon the principles herein stated, therefore

*The verdict is annulled, the judgment is reversed, and the case is remanded for a new trial.*