(86 South. 394)

## LOUISVILLE & N. R. CO. v. BARTEE.
### (8 Div. 272.)

(Supreme Court of Alabama. Oct. 21, 1920.)

**1. Principal and agent ⊙══189(1)—Count held to charge trespass by agent under direct authority from principal.**

A count, claiming damages for that defendant by and through its agent H., who was thereunto duly and expressly authorized, maliciously trespassed on plaintiff's premises, etc., charged an act directly authorized by defendant.

**2. Appeal and error ⊙══1062(3) — Denial of general affirmative charge as to count unsupported by evidence held not harmless.**

Where one count for assault by defendant's agent charged an assault directly authorized by defendant, and the other did not, and there was no evidence of such authorization, the refusal of the general affirmative charge as to the count so charging was not error without injury.

**3. Trespass ⊙══13—Entry by consent not trespass, unless acts under license change relation.**

Where a railroad company's agent's entry on plaintiff's premises for the purpose of removing freight delivered there through error was with plaintiff's consent, he was not a trespasser, unless his acts or conduct under the license changed his relation to that of a trespasser.

**4. Trespass ⊙══13—Abusing license not trespass ab initio.**

One entering another's premises under a license and abusing the license, not by mere nonfeasance, is only a trespasser from the time when he goes beyond the purpose for which he was permitted to enter, and does not become a trespasser ab initio.

**5. Trespass ⊙══13—Abuse of license not trespass unless act amounts to trespass.**

One entering another's premises under a license and abusing the license does not become a trespasser, unless the act abusive of the license would have amounted to a trespass had there been no license.

**6. Trespass ⊙══13—Offensive language by licensee not trespass.**

Where defendant's agent entered plaintiff's premises with her consent for the purpose of removing freight delivered by mistake, the use by him of offensive language concerning plaintiff's demand for payment for her trouble in the matter was not a trespass.

**7. Trespass ⊙══43(2)—Justification must be specially pleaded.**

In trespass, justification under a license must be specially pleaded, and cannot be shown under the general issue, notwithstanding the broad provisions of Code, § 5331.

**8. Trespass ⊙══1—Offensive language cannot constitute.**

Language, however offensive, cannot alone constitute trespass.

**9. Trespass ⊙══45(1) — Evidence of physical condition of third person not admissible.**

In an action for trespass in connection with the removal of freight delivered on plaintiff's premises by mistake, evidence of the physical condition of plaintiff's brother was inadmissible, being without bearing on the issues or on the measure or amount of damages.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Ellen Bartee against the Louisville & Nashville Railroad for damages for trespass. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

Count 2 is as follows:

Count 2. Plaintiff claims of the defendant the like sum of $5,000 as damages, for that on, to wit, the 30th day of July, 1917, the defendant, by and through its agent, E. S. Hinds, who was thereunto duly and expressly authorized in the premises, maliciously trespassed upon that certain house on Cain street, in Decatur, Ala., and known as the Vought house, of which plaintiff was in possession. And plaintiff avers that on said occasion, and as a part of said trespass, the said Hinds accused the plaintiff of larceny, and threatened to have her put in jail, and was loud and boisterous in his discourse, from all of which plaintiff was humiliated, mortified, frightened, and unnerved, and suffered great mental pain and anguish, to her damage as aforesaid.

The other facts are made sufficiently to appear.

Eyster & Eyster, of Albany, for appellant.

The court erred in refusing to give the general charge for the defendant, and also erred in declining to charge the jury that Hinds did not wrongfully enter the dwelling house of plaintiff. 85 Ala. 179, 4 South. 607, 7 Am. St. Rep. 35; 122 Ala. 212, 26 South. 155; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 181 Ala. 456, 62 South. 12; 192 Ala. 407, 68 South. 328, L. R. A. 1915F, 516; 145 Ala. 664; 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653. The plaintiff's possession was wrongful, and the owner of the property had the right to retake it. 26 R. C. L. § 24. It was a personal matter between the plaintiff and Hinds, and the remarks made by Hinds cannot be charged to the defendant. 145 Ala. 664; 192 Ala. 405, 68 South. 328, L. R. A. 1915F, 516. Count 2 charges a direct trespass, and is controlled by 139 Ala. 166, 34 South. 389; 197 Ala. 512, 73 South. 103; 203 Ala. 328, 83 South. 52.

Callahan & Harris, of Decatur, for appellee.

The case is for exemplary damages for a trespass to realty, attended with bad conduct and utterances. 194 Ala. 257, 69 South. 634; 161 Ala. 509, 50 South. 79, 135 Am. St. Rep.

⊙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

156. There was proof to support the trespass, entitling the possessor to damages. 202 Ala. 392, 80 South. 475. Wrongful acts after rightful entry will authorize an action for trespass. 143 Ala. 275, 39 South. 318. The evidence warranted a finding that the trespass was maliciously done. 202 Ala. 392, 80 South. 475; 169 Ala. 42, 53 South. 158. There was no special plea setting up entry under license. 2 S. & P. 83; 38 Cyc. 109.

McCLELLAN, J.   [1, 2] The appellee sued the appellant for damages consequent upon an alleged trespass committed by appellant's agent, Elmer Hinds.  The allegations of the second count (the substance of which will be reproduced in the report of the appeal) cast it in the category of counts held, in City Delivery Co. v. Henry, 139 Ala. 161, 166, 167, 34 South. 389, followed in Ex parte L. & N. R. R. Co., 203 Ala. 328, 83 South. 52, among others, to charge an act directly authorized by the corporation.  There was no evidence supporting this effect of the allegations of the count.  The doctrine of error without injury, illustrated in Oats v. Bullock, 136 Ala. 537, 33 South. 835, 96 Am. St. Rep. 38, is not applicable where the charge in one count is materially different from that made in another count.  Hence it was error to refuse the general affirmative charge, requested by defendant (appellant), concluding against the plaintiff's right to recover under the second count. McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 South. 992.

By mistake a consignment of freight was delivered to appellee; and, the error being discovered, an agent of the appellant, common carrier, went to the dwelling of appellee, and by and with her consent entered her premises for the purpose of removing the chattels, taking with him other servants to handle the goods. The appellee had paid 75 cents drayage in moving the goods from the depot to her dwelling. The payment of this sum she demanded of Hinds, as well as "$1 for her trouble" in the premises. Hinds wanted to "check up" the goods, and appellee, agreeing to that, also asserted all along her entire willingness to the removal of the goods if these charges were paid. Hinds expressed his willingness to pay the drayage charge, but protested against the payment of the other charge of $1, which on the trial the court correctly instructed the jury the appellee had no right to demand. After a part of the goods had been removed, appellee stopped the removal, placing herself in the doorway. Hinds later paid her both the charges, but she testified that at or during the suspension of the act of removing the goods he made offensive remarks to her with respect to the $1 charge, and said that he would or ought to have her arrested and went from her house to or towards the coun-

ty jail in the neighborhood. That appellee had a right to the goods themselves is not claimed.   There is no evidence that any tortious wrong was committed by Hinds or his laborers in connection with the entry of the premises, or while thereon or in the removal of the goods, other than may have attended or resulted from the language indicated.

[3] As stated, the first count is in trespass. The appellee's consent to the entry and to the removal of the goods, to which she made no claim, upon the sole condition that the two charges, aggregating $1 and 75 cents, be paid to her, precluded Hinds from being a trespasser, unless his acts or conduct, under the license given by appellee, changed his relation to a trespasser.

[4] Following the true interpretation of the pertinent phase of the pronouncement made in the "Six Carpenters Case," 8 Coke, 146a, this court held, in Snedecor v. Pope, 143 Ala. 275, 287, 39 South. 318, that where the entry is under authority or license, other than as a result of a right of entry given by law (see Freeman's note 14 Am. Dec. 366–369), he who enters and abuses, not by mere nonfeasance merely, the license, is only a trespasser "from the time when he goes beyond the purpose for which he was permitted to enter," and is not, does not become, through this abuse a trespasser ab initio. This doctrine is generally supported by the weight of authority. 2 Jaggard on Torts, pp. 679 et seq.; Jewell v. Mahood, 44 N. H. 474, 84 Am. Dec. 90; 2 Cooley on Torts, pp. 652, 653; 26 R. C. L. § 19, p. 944; Adams v. Rivers, 11 Barb. (N. Y.) 390.

[5] Even in the case of entries authorized alone by law, the change of the status of the enterer to a trespasser ab initio is not effected unless the act or conduct, abusive of the authority of entry given by law, invoked as changing his status to a wrongdoer from the beginning, must be positive in character, must be an act that would have amounted to a trespass if the entry had not been authorized by law. Adams v. Rivers, supra.  No reason appears upon which to found a conclusion that a less positive act or affirmative conduct, amounting otherwise to a trespass, would suffice to constitute one a trespasser, within the doctrine, stated in Snedecor v. Pope, supra, who has entered by a personal license. In consonance with this doctrine it was said in Adams v. Rivers, supra:

"No case has been cited showing that a man will forfeit a license granted by law, by the use of vituperative language; and none such have fallen under my notice. In all the cases, except Adams v. Adams and Bond v. Wilder, some positive act, such as if done without authority would be a trespass, has been held essential to make the party a trespasser ab initio. These cases may have been decided upon local stat-

utes. * * * But no act will amount to a trespass unless the same act would be a trespass if committed on any other land of the plaintiff. Language, however licentious and abusive, is not a trespass, within the appropriate meaning of that term. Nor can a party be made a trespasser upon the freehold of the adjoining owners of the soil, by the uttering of abusive language as he passes along the road. A person who disturbs the public peace as he passes along the road, by singing obscene songs and using boisterous and obscene language, may be liable to be punished, at the suit of the public, for a breach of the peace, but he is not liable in trespass at the suit of the adjoining owners. These acts, however censurable, are not acts of trespass."

[6, 7] Since the only wrong attributed by appellee to Hinds was the use or application of offensive words, denoting no trespassing act that violated or affected any right of appellee with respect to these goods which she never at any time claimed, the defendant was not liable for the consequences of a trespass by Hinds or his aids on the occasion in question. However, the only plea was the general issue; and this court appears to have been long since committed to the view that, notwithstanding the broad provisions of Code, § 5331, justification in any action of trespass must be specially pleaded. Finch v. Alston, 2 Stew. & P. 83, 23 Am. Dec. 299; Barrett v. Mobile, 129 Ala. 179, 185, 30 South. 36, 87 Am. St. Rep. 54. See 26 R. C. L. pp. 966, 967. The pronouncements here on this subject have been made in cases of trespass de bonis and quare clausum fregit; but the court in the Barrett Case, supra, declared the rule as applying to trespass in every species. Hence the appellant can, on this appeal, take nothing from the doctrine we thought it well to state in view of a possible retrial.

[8] If count 2 should be construed as not charging the defendant itself with a directly authorized trespass, there was no evidence supporting the allegation of the second count that the trespass was malicious, since language, however offensive, cannot alone constitute a trespass. Adams v. Rivers, supra. Hence the court erred in refusing to instruct the jury, as requested in a special charge, that Hinds did not "maliciously trespass upon the premises of which plaintiff was in possession."

[9] The plaintiff was permitted to show the physical condition of her brother. While some argument is made by appellee to justify this action of the trial court, no authority is cited in brief as supporting the admissibility of this evidence. It was error in the trial court to allow it. This matter or condition was without bearing upon the issues in the case or upon the measure or amount of the damages, if plaintiff was found entitled to recover. There was evidence and infer-ences from evidence tending to show Hinds' agency for the defendant in going for and removing the goods.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes