(118 So. 395)

### SIMS v. ALFORD. (7 Div. 822.)

Supreme Court of Alabama.   Oct. 18, 1928.

Motley & Motley, of Gadsden, for appellant.

W. J. Boykin, of Gadsden, for appellee.

Brief did not reach the Reporter.

BOULDIN, J.   Count 2 was in trespass for cutting and removing trees from plaintiff's lands.

There was a sharp issue of fact on the question of plaintiff's consent to the cutting and removal of the trees. Defendant's evidence tended to show that plaintiff authorized and directed defendant to enter upon the land and cut timber, sufficient, at an agreed price, to satisfy a saw bill which plaintiff owed defendant, and that the timber cut did not exceed the amount stipulated. Plaintiff's evidence tended to show he gave no consent to cut the timber, nor agreed upon a price therefor; that he refused the price offered, and the negotiations ended.

Charge 2, refused to defendant—"The court charges the jury, if the jury is reasonably satisfied from the evidence that plaintiff consented to the cutting and removal of the timber or trees sued for, then they should find a verdict for the defendant"—correctly stated the law of the case. There was evidence on behalf of plaintiff that defendant went beyond the license granted, if any, and cut more than sufficient timber to pay the saw bill. This charge does not deal with liability, nor the extent of it, in such event. See Louisville & N. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A. L. R. 251. It directs a verdict for defendant only on a finding from the evidence that plaintiff consented to the cutting and removal of "the timber or trees sued for."

The principle embodied in this charge was not covered by the oral charge. On the contrary, the effect of the oral charge on the trespass count was that consent to the cutting was no defense unless the price was agreed upon. If consent was given to cut timber to satisfy the saw bill without stipulation as to price, the law intervened and fixed the reasonable value of the timber as the agreed price by implication.

That consent to the act complained of is a full defense in trespass is well settled. Riddle v. Brown, 20 Ala. 412, 56 Am. Dec. 202 and note; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; 26 R. C. L. p. 946, § 21.

Defendant interposed a special plea of consent to this count. The court sustained a demurrer upon the ground that it was covered by the general issue. In the early case

of Finch v. Alston, 2 Stew. & P. 83, 23 Am. Dec. 299, it was declared that evidence of plaintiff's consent to the act complained of is not admissible under the general issue—"not guilty"—in an action of trespass. Being matter in justification, it must be specially pleaded. This rule was reaffirmed in the late case of Louisville & N. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A. L. R. 251. There was error in the ruling on demurrer as to the count in trespass. As to count 1, claiming the statutory penalty for cutting trees, the ruling was correct.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.