61 So.2d 814

**BOBO v. YOUNG et al.**

6 Div. 385.

Supreme Court of Alabama.

Dec. 4, 1952.

Chas. E. Tweedy, Jr. and Jas. L. Beech, Jr., Jasper, for appellant.

C. M. Holder and Alex Smith, Jr., Fayette, for appellees.

SIMPSON, Justice.

Ernest Bobo, the complaining appellant, instituted this suit in equity against appellees, Young and Crutcher, lower riparian proprietors of an all-weather stream which ran through the lands of both parties, to abate as a nuisance the backing up of water onto appellant's land by reason of the construction by the appellees of a dam across the stream at the eastern edge of their property.

Appellant's land lay immediately west of appellees' and before the construction project was undertaken, appellees employed a civil engineer to mark out the lines of the backwater so that it would be contained within the boundaries of their own property. Due to some miscalculation, however, the impounded water was not so contained and backed up on appellant's land, overflowing about an acre or so of his property. Appellant's bill for relief was grounded on this trespass.

The law governing is well recognized. The casting of water upon the land of the upper proprietor is a trespass and one who commits the act or contributes to it is liable for the injuries caused. And we take it that it is conceded that the act constitutes such a nuisance as makes it subject to abatement in a court of equity. Humphreys-Mexia Co. v. Arseneaux, 116 Tex. 603, 297 S.W. 225, 53 A.L.R. 1147, 1155; Mobile & Ohio R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606; Atlanta & Birmingham Air Line Ry. v. Wood, 160 Ala. 657, 49 So. 426; Liles v. Cawthorn, 78 Miss. 559, 29 So. 834(4).

Nor does injunctive relief rest upon any averment or proof of irreparable injury. The ownership of complainant's property being admitted or clearly established and there being no right of eminent domain in a private individual and the fundamental law being plain that compensation must be paid before the property is taken, the owner is entitled to the intervention of a court of equity to prevent such a trespass on his land. Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 142 So. 72.

But if an owner of land consents for another to go upon it and the other acts on that consent and incurs labor and expense in connection therewith, that consent cannot be later withdrawn, nor is the other party liable in damages for trespass. O'Neill v. City of Birmingham, 221 Ala. 580(4), 130 So. 87; Sims v. Alford, 218 Ala. 216, 118 So. 395; Ellard v. Goodall, 203 Ala. 476(7), 83 So. 568.

So, if the upper proprietor consented to the casting of water on his property and the lower proprietor acted on that consent and incurred labor and expense in that connection, a waiver or estoppel to have the nuisance abated may be created.

The consent of the appellant was pleaded as a defense to this injunction suit, so deci-

sion resolves itself into an issue of fact. Appellees interposed this defense by way of answer and cross bill, which showed that after construction was started and it was discovered the impounded water might overflow on appellant's property, the appellant and appellees had a conference, in which appellant finally stated for appellees to "go ahead and complete it and if it does get on me we will go ahead and have a reasonable settlement"; that acting on this agreement with appellant, appellees proceeded to complete the dam and then sought to settle with appellant for his reasonable damages; that they offered appellant some more land or to pay him an annual rental, with permission for him and his family to have fishing rights on the impounded waters, or to pay him a certain amount in cash, to wit, $200; that appellant declined any of these offers and demanded $2,000, which was refused. Thereafter appellant brought this suit. These allegations were proved by the testimony of the two appellees. Appellant, of course, denied that any such agreement took place and testified that he at all times cautioned appellees that he did not want water to back up on his land and after it did that he requested them to remove it. As stated, this was an issue of fact and in this case was peculiarly within the prerogative of the trial court to determine. Not only was the evidence taken orally before the court in open court, but after a hearing of all the witnesses, the court with agreement of the parties made a personal inspection of the properties before making up his decision, after which he denied the injunction and merely awarded appellant a stipulated sum in the form of an annual rental so long as the water stood on his land.

■ We have pointed out in some of our recent decisions that in cases like this, where the hearing is before the judge in open court and the witnesses testify before him, and in addition to this he has viewed the premises and become acquainted with the *locus in quo,* this court would be most reluctant to disturb his findings and will not do so unless they are palpably erroneous or against the great weight of the evidence. Crawford v. Tucker, Ala.Sup., 64 So.2d 411; Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361. Turning to the evidence and having closely scrutinized it, we are firmly convinced that it would be unwarranted for us to reverse the lower court and award the writ of injunction requiring the abatement of the alleged nuisance. The court evidently knew the parties, observed their manner and demeanor on the witness stand, and was much better advantaged to determine exactly what agreement was made, if any, between them than are we from reading the cold record. We must affirm his conclusion in that regard.

■ Appellant argues for a reversal of the decree overruling his demurrer to the cross bill. The argument runs that the alleged agreement was so indefinite and uncertain as to be unenforceable and as affording no defense to the suit. The case of Sloss-Sheffield Steel & Iron Co. v. Payne, 186 Ala. 341, 64 So. 617, is cited, in which this court held that a contract which authorized the plaintiff to go upon the land of defendant and open up a certain seam of coal and quarry therefrom "and furnish to defendant all the outcrop * * * at a rate of from one to ten cars a day" etc., was too indefinite to support an action for breach of contract because "outcrop" was such an uncertain and indefinite term as that it left the subject matter at large and therefore the agreement could not bind the parties. The principle of that case and others cited is not here governing. This is not a suit on a contract, but the agreement here—consent for appellees to cast water on appellant's land—is interposed as a defense to trespass. Consent is always a good defense to an action for damages for trespass, Sims v. Alford, supra and Ellard v. Goodall, supra, and *a fortiorari* in this case must be a good defense to a bill seeking to enjoin the trespass and abate the same as a nuisance.

No objection is taken on this appeal to the manner of awarding compensation to appellant, so we pretermit discussion of that feature of the decree.

No error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.