89 N.J. Super. 414 (1965)
215 A.2d 356
RENSSELEAR L. CARTAN, PLAINTIFF-APPELLANT,
v.
CRUZ CONSTRUCTION CO., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1965.
Decided December 2, 1965.
*416 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Ralph S. Heuser argued the cause for appellant (Messrs. Heuser & Heuser, attorneys).
Mr. Martin Gelber argued the cause for respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff appeals from a judgment entered in the Law Division upon a jury verdict in favor of defendant. The single question involved is whether the court erred in its charge in respects hereinafter noted.
Plaintiff was the owner of acreage in the Borough of Matawan. The municipality was engaged in a project which involved the laying of a sewer line over plaintiff's property. Defendant corporation is a construction company which had been engaged by the municipality to install the sewer. The individual defendant is a principal of that company. For the purposes of this opinion the company and the individual will be referred to as "defendant."
In the course of executing its contract with the borough, defendant cleared the easement which the borough acquired over plaintiff's lands for the sewer installation, in order that an engineering firm engaged by the borough might place *417 grade stakes therein. In the course of this work defendant cut a wide swath through plaintiff's property and at places markedly altered the grade of the land.
In order to bring into focus plaintiff's contention on this appeal it is necessary for us to briefly review the pleadings and pretrial order and to advert to pertinent testimony given in the trial.
Plaintiff's complaint sounded in trespass. Inter alia he alleged:
"5. The defendants by themselves, their agents and servants entered into and upon the lands of the plaintiff destroyed the tree growth gave the wood away, ruined the root structure of trees and bushes which were holding up the embankment, cut the embankment with bulldozers and removed hundreds of cubic yards of dirt, cut thru a portion of the balance of the property uprooting and destroying trees.
6. All the above was done without the permission of the plaintiff and much of the damage was done even outside the area over which the Borough of Matawan was asking an easement."[1]
Defendant's answer denied the quoted allegations of the complaint.
The factual contentions of plaintiff, revealed by the pretrial order, were essentially a reiteration of the allegations of the complaint. Defendant's contentions in pertinent part were:
"3. Deft states that plf gave him permission to proceed on his land for the purpose of installing certain sewers in accordance with work done for Boro of Matawan, and that plf was aware at all times that this work was being done in accordance with a right-of-way given by him to Boro of Matawan. Furthermore, that the deft did not proceed out of the right-of-way and did not do the damage as stated in complaint."
At the trial plaintiff testified that either in late December 1961 or early in January 1962 Cyrus K. Brown, then sewer inspector of the Borough of Matawan, brought Cruz to plaintiff's office. According to plaintiff, Brown introduced Cruz as *418 the new sewer inspector and said that Cruz wanted to know if he could store some equipment and some pipe in the rear of plaintiff's property. Together they went to the property and selected a site where the pipe could be stored "as an accommodation." This site appears to be about 200 feet distant from the sewer right-of-way, according to a map which was offered in evidence. With further respect to the conversation between the parties, plaintiff said that Cruz was "terrifically excited in [sic] this pipe, because the pipe was coming in on a Sunday, as I remember, and he had to have some place to let them unload it, and it was agreed it would be unloaded" at the point indicated as "S" on the map. Plaintiff denied that anything was said respecting a right-of-way through his property, or the new sewer line; that the conversation was entirely concerned with the storing of pipe and equipment at the place designated; and that the permission which he granted to Cruz was limited to the storing of pipe and equipment at that point  and nothing else.
The testimony of Cruz was vastly different. He testified specifically, and in total effect, that he and Brown told plaintiff he wished to put sewers through the right-of-way and that plaintiff said: "Go ahead; we can't stop progress." He testified also that his operation, which resulted in the conditions of which plaintiff complains, was observed by plaintiff while it was in progress and that the latter made no objection to it.
Brown partially supported defendant's version of the conversation. He testified:
"I told Mr. Cartan that the borough, as he already knowed, the borough was running a sewer line to connect to the immediate plant down there and Mr. Cruz was going to start to cut some underbrush through the tract so that the surveyors * * * could come up and put the grade stakes, and I asked him would it be all right and he said yes, and well, I said, `You understand that they're not sure as to whether they have the old easement or not, which they are looking it up and there might be  they might have to come before you for an easement,' and he said, `Well, I can give you a letter,' and I says, `You better not do that until you consult your attorney.' * * * And he says, `Well, all right, then. Go ahead.' * * *."
*419 Patently, the factual issues arising from these conflicts in the proofs involved the nature and extent of plaintiff's grant of permission to defendant to enter upon his lands, and the portions or areas within such lands which were the subject of the permitted use. In other words, did plaintiff, as he contends, merely permit defendant to store pipes and equipment at a definitely designated place, or did he, as defendant urges, grant to the latter the privilege of clearing and preparing the sewer right-of-way preparatory to the installation of the sewer line? Regardless of which of these contentions was accepted by the jury, or even if the jury inferred from the testimony of Brown that the permission given went no further than the clearing of underbrush on the right-of-way so that grade stakes could be inserted, it is clear that when defendant first stepped upon plaintiff's lands he was a licensee  not a trespasser. Whether he thereafter became a trespasser by exceeding the bounds of the license granted to him depended upon what the jury found the license to have been.
A simple license associated with the use of land is in the law a mere privilege or permission which confers upon the licensee no intangible interest in the land to which it is related. Moore v. Schultz, 22 N.J. Super. 24, 28 (App. Div. 1952), affirmed o.b., 12 N.J. 329 (1953). It may be granted by parol. Forbes v. Forbes, 137 N.J. Eq. 520, 522 (Ch. 1946). In 33 Am. Jur., Licenses, § 95, pp. 401-402, it is said:
"If a license is valid and effectual and its conditions are complied with, it constitutes a complete defense at law for action taken thereunder. But while every license to do an act on land involves the occupation of the land by the licensee so far as is necessary to do the act, his right does not extend beyond this, for a license must be exercised only in the manner and for the special purpose for which consent was given, and if exercised in any other manner, or if the permission given is exceeded, the licensee becomes a trespasser."
See Morton v. Reynolds, 45 N.J.L. 326 (Sup. Ct. 1883); Wheelock v. Noonan, 108 N.Y. 179, 15 N.E. 67 (Ct. App. *420 1888); Brown v. Dellinger, 355 S.W.2d 742, 746 (Tex. Ct. Civ. App. 1962); Gedekoh v. Peoples Natural Gas Company, 183 Pa. Super. 511, 133 A.2d 283 (Super. Ct. 1957); Restatement (Second), Torts, §§ 167-168, pp. 309-313 (1965); 6A American Law of Property, § 28.8, p. 27, n. 3, § 28.11, p. 34, n. 2 (1954). Consent to enter upon a particular part of the land of an owner does not supply consent to trespass upon any other part of such land, Northern States Power Company v. Franklin, 265 Minn. 391, 122 N.W.2d 26, 30 (Sup. Ct. 1963), and consent to enter for one purpose does not constitute authority to enter for another. Smallwood v. Diz, 245 S.W.2d 439 (Ky. Ct. App. 1952). It is generally said that the abuse of a license does not render a licensee a trespasser unless the abusive act would have amounted to a trespass had there been no license. See Louisville & N.R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A.L.R. 251 (Sup. Ct. 1920).
However, one entering upon land by license who subsequently abuses his license does not become a trespasser ab initio, although he may become a trespasser by committing active and positive acts not included in the terms of his license. See Page v. Town of Newberry, 113 Vt. 336, 34 A.2d 218, 220 (Sup. Ct. 1943); Katsonas v. W.M. Sutherland Bldg. & Const. Co., 104 Conn. 54, 132 A. 553, 557 (Sup. Ct. Err. 1926); Beers v. McGinnis, 191 Mass. 279, 77 N.E. 768, 769 (Sup. Jud. Ct. 1906); cf. Sheftall et al. v. Zipperer, 133 Ga. 488, 66 S.E. 253, 27 L.R.A., N.S., 442 (Sup. Ct. 1909); Bennett v. McIntire, 121 Ind. 231, 23 N.E. 78, 6 L.R.A. 736 (Sup. Ct. 1889). These authorities reveal that the ancient doctrine of trespass ab initio is applicable only to a law enforcement or administrative official in the discharge of his duties, e.g., to make an arrest, to execute process, to carry out a court order, or to exercise a statutory authority, not to one who commits a tortious act after his entry was authorized by the owner or occupant. See generally, 1 Harper and James, The Law of Torts, § 1.21, pp. 58-60 (1956); Prosser, Torts (3d ed. 1964), § 25, pp. 132-134. (Dean *421 Prosser points out that ignorance of the legal history of this rule has led to its misapplication by some courts. See, e.g., Francis v. Sun Oil Company, 135 Mont. 307, 340 P.2d 824 (Sup. Ct. 1959).) The distinction made by this rule has been recognized in New Jersey. Penna R.R. Co. v. Fucello, 91 N.J.L. 476, 478 (Sup. Ct. 1918). The significance of the distinction lies, of course, in its effect on damages, for where a party grants a license which he might at his option have withheld, there is no reason why the remedy should be broader than the abuse. Cooley, Torts (2d ed. 1888), p. 372.
The crux of plaintiff's criticism of the court's charge is that it did not take into account these principles  specifically, that the court ruled out the theory of trespass if the bounds of the license were exceeded, and charged that unless the jury found that defendant was a trespasser in "the first instance" (which plaintiff did not contend) its verdict must be for the defendant. A reading of the entire charge convinces us that this was its total effect.
The court charged:
"There are certain things you have to know. (1) What is a trespasser? (2) If there was a trespass in this case, what are the damages? * * *
Now, what is a trespasser? * * * A trespasser is one who enters or remains upon land in the possession of another without the privilege to do so created by the possessor's consent or otherwise. He is one who is neither invited, suffered nor privileged to be on another's property.
So now in the first instance in this case, you have got to go to the testimony pertaining to how Cruz got on the plaintiff's property, how and why he was there, and you have got to determine that from the testimony given on that phase of the case. Was he or was he not a trespasser? If he was not, that is the end of the case. * * *
Now, during the course of summation Mr. Heuser [plaintiff's attorney] made reference to the fact that even though the defendant had been given permission to go on the land, if he went outside of the confines of the permission he had and he damaged the plaintiff's property, that then the plaintiff could recover. That is not the law in this case. He has got to prove the trespass in the first instance. There may be a cause of action on the ground of negligence, but not on trespass." (Emphasis added)
*422 At the conclusion of the charge and after the jury had retired plaintiff objected to the charge as follows:
"May I take exception to that portion of your Honor's charge in which you defined trespass. I believe that trespass is going beyond the confines of the area in which one is permitted to go, and I believe that trespass is doing that upon another's land which they have not been permitted to do. By way of illustration, I should say if I were permitted to walk across one's land, it would be a trespass for me to take out the land owner's shrubbery."
We are satisfied that the objection was well taken.
Defendant undertakes to justify the court's instruction upon the thesis that the theory of plaintiff's case as reflected by the pleadings and pretrial order was that the defendant was a trespasser ab initio, and did not reflect a claim for relief based upon a subsequent trespass arising from violation of the license. We cannot agree. The factual averments of the complaint spelled out a charge of trespass. If they were sustained by proof, they were sufficient to entitle plaintiff to the relief which he sought. R.R. 4:8-1 merely requires that a complaint shall contain (a) a statement of the facts on which the claim is based showing that the pleader is entitled to relief, and (b) a demand for judgment for the relief to which he deems himself entitled.
As we have already noted, the pretrial order restated plaintiff's factual contentions and defendant raised as a defense thereto that such acts as were alleged by plaintiff to have amounted to trespass were done with plaintiff's authority and by his license. Furthermore, irrespective of the pleadings and pretrial order the central issue litigated by the parties without objection by defendant was the nature and extent of the license, and whether or not it had been exceeded. Issues which are not raised by the pleadings and pretrial order, but are tried by consent and without objection of the parties, are treated in all respects as if they had been raised in the pleadings and pretrial order. R.R. 4:15-2. See Misani v. Ortho Pharmaceutical Corp., 83 N.J. Super. 1, 29 (App. Div. 1964), reversed on other grounds, 44 N.J. 552 *423 (1965); cf. Grammas v. Colasurdo, 48 N.J. Super. 543 (App. Div. 1958).
The prejudicial effect of the court's charge in the respects in which it is challenged is manifest. Under the court's definition of a trespasser (with which we do not disagree when it is applied to an applicable factual context) and the court's instruction that defendant could not be held responsible unless proved to be a trespasser "in the first instance" viz., a trespasser ab initio, the jury had no alternative but to conclude that defendant, having been given permission to go on plaintiff's land, was not a trespasser regardless of what it did thereafter.
Accordingly, the judgment is reversed and the case remanded for a new trial.
NOTES
[1] Apparently the easement was acquired by the borough from the plaintiff subsequent to the events complained of. However, the date of acquisition is not involved in this appeal.