STEAGALL, Justice.
Defendants, Albert C. Turner, Edna E. Turner, and Albert Earl Turner, appeal from a judgment entered in favor of the City of Citronelle (“City”) establishing a boundary line between a parcel of land owned by the Turners and a contiguous parcel owned by the City and located in Mobile County.
The City owned land contiguous to land owned by the Turners. On the property owned by the City was constructed a park and a lake (hereinafter “Park”). The Park was located next to a parcel of land owned by the Turners and referred to as the “Northern 40.” While constructing the Park, the City allegedly received permission from the Turners to cut a work road across the Northern 40. This road was never completed, but instead a road was built along a different route, supposedly around the Northern 40. The road was cut sometime prior to the completion of the Park, which was completed before 1975. Sometime thereafter, a dispute arose between the City and the Turners concerning the Northern 40 and several other parcels of property referred to as the “Western 40.” As a result of this continuing dispute, the City filed this action to have the trial court determine the true and correct location of the disputed boundary line. The Turners counterclaimed, alleging that the City had trespassed upon their land. A registered surveyor was appointed by the trial court to assist in making the boundary line determination. The court-appointed surveyor determined that the road was located on the Park, and went around the Northern 40. The Turners also hired several surveyors for the purpose of locating the disputed boundary line. The first sur *3 veyor, concurred with the findings of the court-appointed surveyor. The second surveyor, however, found that the road was located on the Northern 40.
The evidence was presented ore terms to the trial court, which determined that the correct boundary was located south of the road, thereby placing the road on the Park. Additionally the trial court found that the Turners had acquired title to the Western 40 through adverse possession (the trial court’s findings as to the Western 40 are not a part of this appeal).
On appeal, the Turners raise three errors allegedly committed by the trial court:
1. That the trial court erred in its determination that the road built by the City was not located on the Northern 40;
2. That the trial court erred in ruling that there was insufficient evidence to support the Turners’ trespass claim for damages as to the partial road constructed on the Northern 40; and that the trial court further erred in ruling that if there was an action based on trespass, it was barred by the Turners’ failure to comply with Ala.Code 1975, § 11-47-23, the non-claim statute;' and
3. That the trial court erred in assessing the surveyor fees equally among all the parties.
The standard of review by this Court on appeal from testimony presented ore terms before the trial court is well settled:
“It is well settled that where testimony is presented ore terms, the trial court’s findings are to be favored with a presumption of correctness and not disturbed upon appeal unless palpably erroneous, without supporting evidence, or manifestly unjust. This presumption is particularly strong in boundary line disputes and adverse possession cases and is further enhanced if the trial court personally views the property in dispute.
“ ‘Transcripts of the evidence concerning boundary line disputes are, as a rule, the most confusing and difficult to follow, comprehend and understand of all customary and ordinary trials because of the common tendency of some attorneys, surveyors, parties and other witnesses to fail to clarify with particularity their questions and/or answers , when discussing maps, plats, roads, courses, distances and reference points. In such cases the wisdom of, and the need for, the ore terms rule are evident.’ ”
Wallace v. Putman, 495 So.2d 1072, 1075-76 (Ala.1986) (citations omitted).
After a thorough review of the record, we cannot say that the trial court’s determination of the location of the boundary line was palpably erroneous, without supporting evidence, or manifestly unjust.
We now address the Turners’ counterclaim against the City based on an alleged trespass. We can find no error in the trial court’s entry of a judgment finding insufficient evidence to support the Turners’ trespass claim for damages. There was testimony by both the City and the Turners that consent was given the City to cut a road through the Northern 40. “Consent is always a good defense to an action for damages for trespass.” Bobo v. Young, 258 Ala. 222, 224, 61 So.2d 814, 816 (1952) (citations omitted). See, also, Martin v. Fidelity & Casualty Co. of New York, 421 So.2d 109, 111 (Ala.1982). Having found that the trespass action is unfounded, we need not address the Turners’ allegation of error in the application of the nonclaim statute.
Finally, we address the Turners’ allegation of error in assessing the surveyor fees equally among the parties. The trial court is given authority to appoint a competent surveyor to establish boundary lines, by Code 1975, § 35-3-3. This Court has held that it is not an abuse of the trial court’s discretion to allocate the costs of such an authorized survey.
“[W]e cannot conclude that the trial court abused its discretion by allocating to defendant one-half of the costs of the survey which was performed. Code of 1975, § 35-3-22, clothes the trial court with authority ‘of fixing the manner in *4 which the cost of such survey is to be paid.' See also Rule 54(d), A.R.Civ.P.”
Cleland v. Clayton, 447 So.2d 187, 189 (Ala.1984). Likewise, we cannot say that the trial court, in the instant case, abused its discretion in appointing a surveyor or in allocating the costs of the survey.
Due to the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES and ALMON, JJ., concur.