# Newberry *v.* Atkinson, *et al.*

## *Injury to Passenger.*

(Decided December 18, 1913.   64 South. 46.)

1. *Carriers; Passengers; Injury; Action.*—Where a flagman of a. railroad train kicked a footstool away just as plaintiff was stepping upon it, causing plaintiff to fall and sustain injuries, the act constituted wanton or willful negligence, and proof of that act will not support a recovery under counts of the complaint charging simple-negligence only.

2. *Same; Complaint.*—A complaint alleging that the receivers of a railroad company through their servants, agents or employees acting within the line and scope of their authority, willfully and wantonly injured plaintiff by causing her to be thrown as she was disembarking from a passenger train, states a cause of action in trespass, charging defendant itself with intentionally and wantonly participating in the injury.

3. *Same; Injuries; Variance.*—Where the complaint charged that the operator of a railroad company intentionally participated in the willful or wanton act of the servant which caused an injury to a passenger, it was not sustained by the proof that the injury was. caused by the willful and wanton act of the flagman who kicked away the footstool just as the passenger was about to step upon it,. and the variance was fatal.

4. *Witnesses; Examination; Mode.*—The fact that the court permitted the witness to be asked, "you are just as positive about that as you are anything else you have testified about?" is not grounds for a reversal.

5. *Evidence; Opinion Evidence.*—It is not proper to ask one witness if another witness is not mistaken.

6. *Appeal and Error; Harmless Error; Other Rulings.*—Where the complaint is not supported by the evidence, or where the evidence was at fatal variance with complaint, errors based on the rulings on the-pleading and the special charges are without injury.

(Mayfield, Sayre and de Graffenried, JJ., dissent.)

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Action by Mattie J. Newberry against H. M. Atkin-son and others, as receivers of the A. B. & A. Ry. Co., for damages suffered while a passenger. Judgment for-defendant and plaintiff appeals. Affirmed.

KNOX, ACKER, DIXON & SIMS, for appellant. The pleas of contributory negligence were subject to the demurrers interposed.—*Dilburn v. L. & N.*, 47 South. 211; *Huggins v. So. Ry.*, 159 Ala. 189; *Wes. Ry. v. Russell*, 144 Ala. 150; *So. Ry. v. Shelton*, 136 Ala. 191; 2 Hutchinson on Carriers, 1328. Charges 6, 7, 8 and 14 were improperly given.—*L. & N. v. Bizzell*, 131 Ala. 437; *B. R. L. & P. Co. v. Nolan*, 134 Ala. 329. The fourth count of the complaint does not fall within the rules declared in *City D. Co. v. Henry*, 139 Ala. 161, and therefore, charges 32-3, should not have been given. Charge 23 should have been denied.—*So. Ry. v. Crowder*, 130 Ala. 262. The ruling of the court is to the effect that the jury could not infer from the evidence that the flagman kicked or moved the box other than willfully or wantonly.—*Stringer v. Ala. Mid.*, 99 Ala. 397; *Carter v. Fulgham*, 134 Ala. 242; *L. & N. v. Lancaster*, 121 Ala. 471.

WHITSON & HARRISON, for appellee. Under the allegations the first second and third counts there was a variance as said counts charged the injury in and about the carrying and the proof showed an injury while alighting.—*A. G. S. v. Grabfelder*, 83 Ala. 200; *Prestwood v. McGowan*, 148 Ala. 475; *Prior v. L. & N.*, 90 Ala. 32; *So. Ry. v. Hundley*, 151 Ala. 378; *A. G. S. v. McWhorter*, 156 Ala. 269. The fourth count charged corporate participation in the trespass, and was within the rule declared in *City D. Co. v. Henry*, 139 Ala. 161. Hence, the proof did not sustain this count. Ever since the decision in the case of *L. & N. v. Markee*, 103 Ala. 160, down to and including the case of *L. & N. v. Perkins*, 152 Ala. 133, it has been the rule that recovery cannot be had upon counts charging simple negligence only where the proof show-

ed that the injury was wantonly or willfully inflicted, and hence, there was a fatal variance, and the charges requested were properly given.

DOWDELL, C. J.—This is an action for damage brought by the appellant for alleged personal injuries. The complaint originally contained two counts, to which two others were added by amendment; the first three being for simple negligence, and the fourth for wanton, willful or intentional injury. There were nine pleas; the first two being the general issue, and the remainder setting up contributory negligence—to which latter pleas demurrers were sustained in so far as they attempted to answer the fourth count. Upon the issues thus framed, there was a verdict and judgment rendered in favor of the defendant receivers, from which the plaintiff prosecutes this appeal.

There are numerous assignments of error, based upon the overruling of plaintiff's demurrers to pleas, rulings upon the evidence, and the giving of special charges requested by the defendants.

The evidence in behalf of the plaintiff tended to prove only willful or wanton injury, while the evidence introduced by the defendants tended to prove that there was no negligence of any sort on the part of the defendants or their employees, but that plaintiff's injury was occasioned by her own negligent act. The testimony of the plaintiff and that of her son, being the only evidence introduced by the plaintiff to show how the injury was caused, was to the effect that she was alighting from the train, after it had stopped at Talladega, several passengers preceding her safely, using the footstool placed on the ground in front of the steps, and that when she, the plaintiff, was in the very act of getting off, poised on the bottom step, her foot having

descended to within a few inches of the footstool, the flagman, standing with uplifted hand apparently to assist her, kicked the stool from under her, causing the plaintiff, to fall heavily to the ground, sustaining painful injuries. To use plaintiff's own words, "As I started to make the step, the flagman kicked the stool out." All of the testimony for the plaintiff went to show that his so kicking the stool from under her was a wanton and willful act, and done under such circumstances as that he was bound to know, and would not be heard to deny, that injury would probably follow. According to the evidence, the flagman was standing by the side of the steps, helping passengers to alight, and was within a foot and a half of the plaintiff, having one of his hands on the iron railing, and the other extended upward toward her as if he intended to assist her as he had the others, thus lulling plaintiff into a sense of security, and yet, with this situation before his eyes, according to all the plaintiff's evidence, the flagman proceeded to kick the stool from under her as she was stepping downward, naturally and almost inevitably causing her to fall. The flagman, under such circumstances, not only had notice, but was chargeable with actual knowledge, that such kicking of the stool would in all probability cause serious consequences, and the same was unquestionably a wanton and willful act. This being the only negligent act proven or attempted to be proven in this case, the plaintiff could not recover under the first, second, or third counts of the complaint, charging simple negligence only.—*Louisville & Nashville R. R. Co. v. Markee,* 103 Ala. 160, 15 S. W. 511, 49 Am. St. Rep. 21, and the cases following it, down to and including *L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602.

The fourth count averred that "said receivers, through their agents, servants, or employees, while acting within the line and scope of their authority, wantonly, willfully or intentionally injured the plaintiff by causing her to be thrown or to fall as she was disembarking from one of its trains as a passenger," etc. This count is in trespass, charging the defendants with wantonly or willfully causing plaintiff's injury, and comes within the rule laid down in the case of *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389. In that case, the averment of the complaint was that "the defendant, through its agent or servant, John McClary, wantonly, willfully, or intentionally caused an ice wagon to run against plaintiff, * * * throwing plaintiff to the ground and inflicting upon her serious injuries," etc. It was there said: "The charge involves the affirmative participation of the defendant in the act of driving the wagon against the person of plaintiff, and not merely the defendant's responsibility for the act of its servant. It is in effect to say that the vehicle was run against the plaintiff by direction of the defendant. * * * To sustain them, proof of actual participation on the part of the defendant in the damnifying act was essential. No such proof, nor any evidence tending to establish such participation, was adduced." The added averment in this count that the wanton or intentional injury was done by such servants while acting within the scope of authority vested in them by the defendants adds force to the implied charge that the act was, in effect, done by the direction of the defendants. In the case of *B. R. L. & P. Co. v. Hayes,* 153 Ala., on page 189, 44 South., on page 1036, it was said: "The fifth count of the complaint avers that 'defendant then and there, by its servants or agents, so wantonly conducted itself in and about the use, management, and

operation of one of its cars   *   *   *   as to wantonly
run said car with great violence against the plaintiff.'
The count charges the corporation with actual partic-
ipation in the damnifying act; and, as there was no
proof to support the averment, the defendant was en-
titled to the affirmative charge requested as to this
count." In the case of *Bessemer Coal Co. v. Doak,* 152
Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389, it was
held that the allegation that the defendant, by its
agents, etc., "while in the line or scope of their employ-
ment," wantonly exploded, etc., sufficiently showed that
the act of the servant was the act of the master, and
"sufficiently alleges the wanton conduct against both
the defendant company and Griffin.   *   *   *   This
count is in trespass, alleging willful, wanton, or inten-
tional trespass against this defendant and also the de-
fendant Griffin; and, to sustain it against this defend-
ant, proof of actual participation on the part of the
defendant in the damnifying act was essential." It
must be held, therefore, that in this case the fourth
count is in trespass, and by its averments charges the
defendants with participation in the damnifying act;
and, there being no evidence to support such charge,
the defendant was entitled to the affirmative charge
with respect to this count, as well as to the other
counts of the complaint for the reasons hereinabove
pointed out.

The defendants being entitled to the general affirm-
ative charge, with hypothesis, under all the counts in
the complaint, none of the assignments of error, based
upon the court's rulings on demurrers to the pleas and
the giving of special charges requested by the defend-
ant, need be considered; for the errors committed, if
any, were harmless, and could not have been of injury
to the plaintiff.—*Whitmore v. Ala. C. C. & I. Co.,* 164

Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; *Griffin v. Bass Foundry & Machine Co.,* 135 Ala. 490, 33 South. 177; *Western Union Tel. Co. v. Whitson,* 145 Ala. 426, 41 South. 405; *L. & N. R. R. Co. v. Johnson,* 128 Ala., 634, 30 South. 580. In the last-named case it was held that where under the evidence the plaintiff was not entitled to a recovery, and, the court having given the affirmative charge in behalf of defendant, the rulings on the evidence, even if they resulted in the admission of immaterial evidence, were not injurious to plaintiff, and therefore not ground for reversal. It is possible, however, for the exclusion of testimony to go to the extent of producing the very absence of proof which entitles the opposite party to the affirmative charge on the evidence admitted; hence we will consider the assignments of error (only two) in this case, based on the sustaining by the court of defendant's objections to certain questions asked by the plaintiff.

The first of these is the sustaining by the court of defendant's objection to the question asked by the plaintiff: "You are just as positive about that as you are anything else you have testified about?" Although this form of question has been tolerated, this court has expressly decided that a case will not be reversed for sustaining an objection to this sort of question.—*Gregory v. State,* 148 Ala. 566, 42 South. 829.

The court also sustained an objection to the following question: "If the flagman swore she fell, and her shoulder hit the ground, he was mistaken?" This ruling was proper, because it is the province of the jury to determine whether a witness is mistaken, and it is not permissible to ask one witness if another was mistaken.—*Johnson v. State,* 94 Ala. 35, 10 South. 667; *Braham v. State,* 143 Ala. 28, 38 South. 919.

There being no reversible error in the record, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and SOMERVILLE, JJ., concur. MAYFIELD, SAYRE, and DE GRAFFENRIED, JJ., dissent, holding to the view that the case of *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 289, should be overruled.

MAYFIELD, J.— (dissenting).—I cannot concur in this decision. It is rendered solely upon the authority of *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389. There are 40 odd assignments of error not treated or noticed, for the reason that under the *Henry Case* the general affirmative charge could, and should have been given for the defendant; and hence all errors, if such there were, were without possible injury to the defendant. I concede that if the *Henry Case* is good law, and is to stand, the decision is otherwise correct; but I insist that the *Henry Case* is bad, court-made law, and that the court that made it ought to revoke it. It involves no property rights, but only questions of correct procedure and practice. I believe I speak accurately when I say that the opinion of both the bench and the bar is well-nigh universal that the decision in that case, as to the question here involved, is wrong. I also believe that there is not now a judge on the bench, nor a lawyer at the bar, who would so decide the question involved if it were one of first impression.

I confess that I am not one of those who believe that it is the sole business of appellate courts to affirm judgments and decisions of lower courts. I believe it to be their office, function, and duty to review and correct erroneous decisions, including *their own.* What I have

before said, on similar occasions, I here repeat, and that is, that the doctrine of stare decisis is an ancient and a wise maxim, but that it is not more ancient and wise than, nor half so beneficent and just as, another legal maxim, "Fiat justitia ruat cœlum." The one is the doctrine of expediency; the other of righteousness and eternal justice. Man is the author of one; God, of the other; and when the two oppose each other, there should be no hesitancy as to which we should follow.

As before stated, the rule of law I seek to depart from involves no vested property rights. It is purely a highly technical rule of procedure and practice. It worked injustice in the *Henry Case,* and in every case in which it has been followed, and of necessity must continue so to do, as long as it is followed. If the plaintiff and her son are not guilty of perjury, it works an injustice in this case. The plaintiff and her son both swore that the flagman of the defendant's train wantonly, willfully or intentionally kicked a stool from under the plaintiff, a passenger, as she was in the act of stepping from the defendant's car, thereby throwing her to the ground and inflicting serious injuries. Yet this court decides that there was no question for the jury to pass upon, because there was no proof that the directors of the railroad corporation ordered the flagman to so kick the stool, or that such directors otherwise participated in the wrongful act of the flagman. Who ever heard of a board of directors ordering a flagman to kick a stool from under a passenger alighting from a train? Would any one reading the complaint in this case, who did not know of the *Henry Case,* nor of the decisions of this court following that case, ever suspect that the plaintiff would have to offer such proof in order to recover? If it can be conceived that the directors of a great railroad corporation should ever

pass such an ordinance or by-laws, would it not be wholly ultra vires and void, and not binding on the flagman or the corporation? It is true that the corporation, in such a case, might still be liable for the wrongful act of the flagman, but it would be because it was answerable for the wrong of the flagman, and not for the wrong of the directors. The directors of the corporation could not, if they tried, bind the corporation or justify the wrongful act of the flagman. The corporation is equally liable for the wrongful act of the flagman, whether he be authorized or prohibited by the directors as to his wrongful act. As to this matter complained of, the railroad corporation acts by and through its flagman or its conductor, and not through its board of directors. This is common law, common knowledge, and common sense.

The most that is now claimed for this rule, announced for the first time in the history of American or of English Jurisprudence, is that it is theoretically or technically correct. As I understand the arguments of the advocates of the doctrine, it is not claimed that, practically speaking it is correct. The most that has ever been claimed for it is that it was and is a species of legal technical lore that the average judge or practitioner could not comprehend. If the rule complained of ever was, or is now, theoretically or technically correct, I confess I cannot understand the reasoning which establishes or justifies its correctness. A corporation, as an entity, cannot have a will or an intent; nor can it kick a stool from under an alighting passenger. As an entity it can act only by and through its officers, agents, or servants; and in certain cases it is civilly and legally responsible and liable for the acts of those who act for it, whether the act be carefully and prudently, or wantonly, willfully, or maliciously, done.

[Newberry v. Atkinson, et al.]

In the case at bar it was the act of the flagman which was complained of, and not the act of the directors; and if the plaintiff's evidence was true, it was proven to have been done as alleged. And it was proven that plaintiff suffered injuries and damages in consequence of that wrongful act. Was the defendant corporation legally answerable in damages for this wrongful act of the flagman? The court says, Yes; but the plaintiff alleged that the *corporation* did the wanton or willful act, acting through or by its flagman, and to support this allegation there must be proof that the board of directors authorized or ordered, or participated in, the wrongful act. To this last proposition, which is the doctrine of the *Henry Case,* I cannot agree. To my mind it is not correct, theoretically, technically, practically, or in any other way or sense. To my mind it is a specious argument, founded on casuistry or sophistry, and not upon logic. I must add, however, that it is probable that I am in error; the defect is probably of my power of reasoning or comprehension, but I can only say that I have endeavored faithfully and conscientiously to understand and to accept the doctrine announced in *Henry's Case* and followed in this, but I cannot do so.

The decision, to my mind, is further confused and self-contradictory, in this: The decisions of which I complain hold that if the complaint alleges that the corporation, acting by and through its flagman, negligently or carelessly kicked the stool from under the passenger, and the proof shows that the flagman did so kick the stool, then there is no variance, but that if it alleges that the corporation, acting by and through its flagman, wantonly or willfully kicked the stool, then proof that the flagman so kicked the stool does not prove the allegation, but you must then prove that the

directors either kicked the stool, or authorized or order-
ed it to be kicked, or otherwise participated in the kick-
ing. I confess that I cannot understand the reason-
ing which supports this distinction. The reason as-
signed is that the action in the first instance is case,
while in the other instance it is trespass. If the cor-
poration was not liable in trespass for the wrongful act
of the flagman, but was, for the same wrongful act if
committed by the directors, then I could see some rea-
son for this distinction; but, as the court concedes that
the corporation is liable in trespass as well as in case
for the wrongful act of the flagman, the reason for the
distinction fails.

Moreover, I take it to be a matter of common knowl-
edge that directors of railroad corporations do not as-
sist passengers in alighting from trains, and do not
place stools for the purpose, and do not negligently or
wantonly kick or remove them from under passengers
alighting from trains; that these acts are universally
done by conductors, flagman, porters, or other servants
of the railroad company accompanying the trains. No
one reading the complaint in this case, whether he be
layman, lawyer, or judge, would ever suspect that there
was any intention on the part of the pleader to allege
that the directors of the corporation had anything what-
ever to do with the moving of the stool complained of;
and hence to hold that proof that they did participate
in the wrongful act is necessary to prove the case al-
leged is to employ legal principles beyond my ken.

In my judgment the basic error in the *Henry Case,*
and in this, and all other cases following the *Henry
Case,* is in treating the case as if it were necessary, to
fix liability on the corporation, that the directors or
governing body should participate in the particular
wrong complained of; that is to say, that the corpora-

[Newberry v. Atkinson, et al.]

tion was not liable for the wanton or willful act of the flagman unless the act was expressly authorized by an ordinance or by-law of the corporation, or was otherwise actively participated in by the directors or governing body of the corporation. If this were true, the holding in the *Henry Case* and in this case would be correct. But this is not true. It is settled law in this state and in every state of the Union that the corporation is liable for the wanton and willful acts of its servants and agents, as well as for their negligent ones done within the line and scope of the authority and duty of the agent or servant. The corporation cannot exempt itself from, nor fix, its liability, by ordinance or by-law in such cases. In such matters as assisting passengers onto and from trains, driving delivery wagons, ringing bells, blowing whistles, stopping trains at crossings, etc., corporations act by agents and servants, such as conductors, engineers, firemen, flagmen, porters, drivers, etc., and not by presidents, vice presidents, general managers, directors, etc. This is, I think, both statutory and common law, common sense and common knowledge.

Let us suppose that the complaint in this case had alleged in terms what the court holds that it alleged in effect—that is, that the directors, by ordinance or by-law, authorized or directed, or participated in, the wrongful act complained of. Then the count would have been subject to demurrer, because it would have shown affirmatively, on its face, that such ordinance or by-law was both ultra vires and against public policy, and therefore utterly void. The directors could not therefore bind the corporation by any such ordinance or by-law, nor could they so confer authority upon the flagman to so wantonly or willfully kick the stool from under passengers. On the other hand, if it

.were an act which they could authorize, and the flag-man could not bind the corporation without such au-thority, then there would be some reason in requiring proof of. the director's action in the premises; but such is not the case. In this matter the corporation acts by and through its flagman, and not its directors.