### Ex parte LOUISVILLE & N. R. CO.
### (6 Div. 927.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. LIMITATION OF ACTIONS &#9758;18—TRESPASS VI ET ARMIS; LIMITATION OF ONE YEAR NOT APPLICABLE.

In an action for assault and battery where the complaint is in trespass vi et armis and not in case, plea of limitation of one year is subject to demurrer.

2. CARRIERS &#9758;315(4) — EVIDENCE; ASSAULT BY CONDUCTOR UPON PASSENGER NOT DIRECTLY AUTHORIZED.

The liability of a railroad company for assault and battery on plaintiff passenger by its conductor, in an action in trespass vi et armis, does not lie in any legal fiction of "direct, intentional causation," as that the conductor was the alter ego of the defendant, but upon defendant's negligent failure to safely carry and protect plaintiff, which does not avoid the principle that a complaint charging direct authorization by the corporation is not supported by proof of an unauthorized act by an agent for which the corporation is liable on principle only of "respondeat superior."

Mayfield, Gardner, and Thomas, JJ., dissenting in part.

Certiorari to Court of Appeals.

Action by D. S. Lacey against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appealed to the Court of Appeals, which affirmed the judgment (82 South. 636), and defendant brings certiorari. Writ granted, and cause reversed and remanded.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellant.

.David J. Davis, of Birmingham, for appellee.

SOMERVILLE, J. The complaint is "for an assault and battery committed on plaintiff by the defendant through its servant or agent on one of its passenger trains, who was acting in the line and scope of his employment."

[1] As correctly held by· the Court of Appeals, the complaint is in trespass vi et armis, and not in case; and the plea of limitations of one year was therefore subject to demurrer.

[2] The plaintiff's evidence showed that he was a passenger on the defendant's train, and that, without fault on his part, he was assaulted and beaten by the conductor while in charge of the train for the defendant.

On the theory that the conductor was, with respect to his duties to plaintiff, the alter ego of defendant, and that defendant was therefore corporately present and participating in the conductor's battery upon plaintiff, the Court of Appeals holds that defendant directly and corporately committed the battery as charged in the complaint.

We think this holding is in conflict with the principles of law announced and applied in the case of City Delivery Co. v. Henry, 139 Ala. 161, 167, 34 South. 389, which has been followed in the later cases of Bessemer Coal Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; B. R. L. & P. Co. v. Hayes, 153 Ala. 178, 189, 44 South. 1036; Newberry v. Atkinson, 184 Ala. 567, 64 South. 46; and L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103. These cases all hold that a complaint like that here exhibited charges an act directly authorized by the corporation, and is not supported by proof of an unauthorized act by an agent for which the corporation is liable on the principle only of respondeat superior, and in an action on the case. The question, however, is not merely one of the form of the action. It is, primarily, one of variance between allegation and proof. As said in the Henry Case:

"The injury ascribed to the defendant is direct and immediate from force applied by it, and not merely from force applied by its servant within the scope of its employment. * * * To sustain them [the counts] proof of actual participation on the part of the defendant in the damnifying act was essential."

The meaning and effect of this language is unmistakable. Certainly neither the principle nor the rule of proof can be avoided by the fact that ,the battery upon plaintiff was in violation of defendant's duty to safely carry him and protect him from such wrongs. That this battery was such a violation of corporate duty is, indeed, the sound basis upon which corporate liability is founded. R. R. & E. Co. v. Baird, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep.

---

43. But the corporate offense lies in the negligent failure to safely carry and protect, and not upon any legal fiction of "direct, intentional causation" of the battery by the corporation.

There are some authorities in other states which hold that corporations may be liable as for a trespass vi et armis upon proof of an unauthorized assault or battery committed by an agent. But it will be found that in those jurisdictions the distinction between trespass proper and trespass on the case has been abolished or abandoned, as pointed out in C. of G. Ry. Co. v. Brown, 113 Ga. 414, 38 S. E. 989, 84 Am. St. Rep. 250, 254. Those decisions are, of course, unsafe guides for us.

The writ of certiorari will be granted, the judgment of the Court of Appeals will be reversed, and the cause will be remanded to that court for further proceedings in accordance herewith.

Writ granted, and reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

MAYFIELD, GARDNER, and THOMAS, JJ., dissent in part.