(133 So. 3)

## EDWARDS v. RUSSELL.

### 6 Div. 847.

Supreme Court of Alabama.

March 19, 1931.

Drennen, Davis & Perrine, of Birmingham, for appellant.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellee.

FOSTER, J.

A count which alleges the commission of a trespass by defendant, acting by and through an agent, is one in trespass. The legal effect is not the same as an allegation that the trespass was committed by an agent of defendant, etc. In the latter instance the count is one in case. City Delivery v. Henry, 139 Ala. 161, 34 So. 389; Bessemer Coal, I. & Land Co. v. Doak, 152 Ala. 166, 172, 44 So. 627, 12 L. R. A. (N. S.) 389; Ex parte L. & N. R. R. Co., 203 Ala. 328, 83 So. 52; Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

The complaint in each count in effect alleges that the trespass was committed by defendant personally, or in the alternative that it was done by defendant acting by and through an agent, etc. It therefore charges a trespass in both aspects, and is not subject to the objection of joining trespass and case in the same count.

One phase of the evidence tended to show that plaintiff had rented from defendant a vacant lot on which to grow shrubs as a business enterprise, and that while the term of the lease as extended by a parol agreement was in effect, the defendant and her daughter went upon the lot and pulled up many of the shrubs and caused them to die or to be worthless, and while in the act of doing so, defendant's daughter had a difficulty with plaintiff and kicked him in the face. It was one continuous transaction in which defendant and her daughter participated. The evidence offered by plaintiff showed other aggravating circumstances. If the jury accepted plaintiff's version of the occurrence, defendant and her daughter jointly committed a trespass, and therefore they could find that the conduct of the daughter was attributable to defendant.

We do not think, therefore, that the general affirmative charge was due defendant, nor the charge which directed the jury that no re-covery could be have for the conduct of this daughter.

The charge which is the basis of the seventh assignment of error is sufficiently embraced in the oral charge of the court.

We are not persuaded that the court erred in refusing the motion for a new trial.

We find no error to reversal, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.