186 So. 547

## DeBERRY v. GOODYEAR TIRE & RUBBER CO. OF ALABAMA.

### 7 Div. 537.

Supreme Court of Alabama.

Feb. 9, 1939.

Crampton Harris and D. Harry Markstein, Jr., both of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, and Hood & Murphree, of Gadsden, for appellee.

KNIGHT, Justice.

The plaintiff, DeBerry, stated his cause of action against the defendant, Goodyear Tire & Rubber Company of Alabama, a corporation, in three counts. In count. 1, the plaintiff seeks to fasten liability upon the defendant for an assault and battery committed by the servants or agents of the defendant upon the doctrine of respondeat superior. The action, as presented by this count, is trespass on the case. Counts 2 and 3 are for a trespass vi et armis, charging the commission of the trespass by defendant, corporation, "acting by and through its agents, servants, or employees within the line and scope of·their employment as such by the defendant." Counts 2 and 3 are trespass counts, and are, therefore, quite different in legal effect from count 1, which is, as above stated, in case. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. ,166, 44 So. 627, 12 L.R.A.,N.S., 389; Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52; Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658; Edwards v. Russell, 222 Ala. 484, 133 So. 3.

The wrongs, made the basis of plaintiff's suit, were committed more than a year before the suit was brought.

In addition to the plea of the general issue, the defendant pleaded the statute of limitations of one year, Code 1923, § 8949, however, the court sustained plaintiff's demurrer to this last plea, as an answer to counts 2 and 3, but overruled the demurrer to said plea as filed to count 1.

At the conclusion of the evidence, the court, at the written request of defendant, gave the general charge, with hypothesis, in favor of the defendant. The giving of said charge, and the sustaining of defendant's objection to a question propounded by plaintiff to himself, when testifying as a witness in his own behalf, constitute the only errors assigned upon the.record.

We have carefully read and considered all the evidence in this case, and it shows conclusively that the plaintiff was an employee of the defendant and that while he was working in the defendant's plant, performing his regular and customary duties, he was assaulted and beaten by a number of his fellow servants, and that he was forced by his assailants to leave the plant. It appears that this occurrence took place on June 8, 1936, shortly after the plaintiff had entered the plant to commence his daily work. It appears that at this plant there were two rival labor unions, one known as the United Rubber Workers of America, which was at that time affiliated with the "A. F. of L.," but not with the "C. I. O." However, the United Rubber Workers of America some time shortly thereafter became affiliated with the "C. I. O." The other labor union at the defendant's plant was known and called the Employees' Representative Plan. The plaintiff, at the time he was assaulted

and beaten, was a member and officer of the United Rubber Workers of America.

The evidence shows that other members, three or more, of the United Rubber Workers of America, were assaulted in the plant, at or about the time the plaintiff was assaulted. There seems to be little or no doubt that the plaintiff had interested himself in getting the workers to join his union.

The evidence shows without conflict that the fighting was between the servants or employees of the defendant company, but just what led up to the fight, the evidence does not show. It wholly fails to show that the defendant corporation authorized, directed, or participated in it in any way, or that it thereafter ratified the unlawful acts of the employees, who committed the wrong.

The contention of the appellant is that there was present, at the time the fight or difficulty occurred, one Bob Goodall, a foreman of the defendant's tire department, and that he had a directing hand in the matter. It is also contended that, under the evidence, the said Goodall was then and there the alter ego of the defendant. The evidence wholly fails to show, or to afford an inference, that the said Goodall was an alter ego of the defendant, within the rule of our cases. It at most shows that he was one of the defendant's foremen in the shop, but there is a total absence of evidence to show what Goodall's duties were, or the scope of his authority.

The only evidence tending to show the status of said Goodall in defendant's employment was substantially as follows, and the evidence was given by the plaintiff:

"Mr. Bob Goodall was the foreman under whom I worked on my shift. Mr. Neiger was division superintendent, above Mr. Goodall; Mr. Michael was above Mr. Neiger, he was superintendent in charge of the entire plant. Mr. Goodall was the tire room foreman and he had sub-foremen under him. They have three shift foremen, one to each shift. I don't know whether you would call Mr. Goodall superintendent of all three shifts or not. He was in charge of the three shifts."

█ The burden, of course, was on the plaintiff to show, if he would hold the de-

fendant liable for the acts, or omission to act, of said Goodall, the duties and scope of the authority of said Goodall. Certainly, within the rule of our cases, the evidence falls far short of showing, or tending to show, that said Goodall was, as to the business confided to him, a vice-principal, and, therefore, alter ego of the corporation, rendering the corporation liable, in an action of trespass, for his acts. Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389; Birmingham R. L. & P. Co. v Hayes, 153 Ala. 178, 44 So. 1032; Newberry v. Atkinson, 184 Ala. 567, 64 So. 46; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Southern Bell Tel. Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L.R.A. 193, 55 Am.St.Rep. 930; Union Naval Stores v. Pugh, 156 Ala. 369, 47 So. 48.

█ The defendant was, therefore, entitled to the general affirmative charge upon all counts of the complaint,—as to count 1, for that the cause of action stated therein was barred by the statute of limitations of one year, and as to counts 2 and 3, for lack of evidence tending to show that the defendant corporation authorized, or directed, or aided or abetted in the assault and battery committed upon the plaintiff, or ratified said act.

█ The trial court committed no error in sustaining the defendant's objection to that part of the question which called for testimony tending to show that Crowe, one of the alleged participants in the assault and battery, had since been promoted. Comerford v. International Harvester Co., 235 Ala. 376, 378, 178 So. 894. Besides, this evidence was admitted at a later period of the trial.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.