15 So.2d 271
### DAWSEY et al. v. NEWTON.
#### 4 Div. 278.

Supreme Court of Alabama.
June 30, 1943.

Rehearing Denied Oct. 21, 1943.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellants.

J. N. Mullins, of Dothan, for appellee.

LIVINGSTON, Justice.

Suit for the statutory penalty for cutting two oak trees, and for trespass upon plaintiff's lands. The trial court submitted six counts of the complaint to the jury. From a judgment for plaintiff, defendants appeal.

Counts 1–A, 1–B and 1–C claim the statutory penalty. Section 272, Title 47, Code of 1940. Counts 3–A, 3–B and 4–A claim damages for a trespass committed by defendants on the lands of plaintiff.

A count which alleges the commission of a trespass by one acting by and

through another, naming him, is one in trespass against both. The legal effect is not the same as an allegation that the trespass was committed by an agent of the one, etc. In the latter instance, the count is one in case. Edwards v. Russell, 222 Ala. 484, 133 So. 3; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 172, 44 So. 627; 12 L.R.A.,N.S., 389; Ex parte Louisville & Nashville R. Co., 203 Ala. 328, 83 So. 52; Southern Rwy. Co. v. Beaty, 212 Ala. 608, 103 So. 658.

■ Counts 3–A, 3–B and 4–A, in effect, allege that the trespass was committed by the defendants personally. Counts 3–A and 3–B allege that the trespass was committed on lands "belonging to the plaintiff," and count 4–A alleges that "plaintiff was the owner and in possession of the above described lands," and are sufficient in regard to the necessity of showing title or possession of plaintiff. Birmingham R., L. & P. Co. v. Abbott, 6 Ala.App. 643, 60 So. 970.

Neither count of the complaint is subject to any ground of demurrer assigned, and the same was properly overruled.

■ A cause of action for the statutory penalty prescribed by section 272, Title 47, Code of 1940, for entering on land and destroying trees may under section 220, Title 7, Code of 1940, be joined with an action of trespass as for injury to the land. Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; Floyd v. Wilson, 171 Ala. 139, 54 So. 528.

The trial court refused to defendant the general charge as to each count in the complaint.

■ Admittedly two oak trees were cut and removed by Dempsey Dawsey under the direction of Mrs. Marsh, and the principal question litigated was whether the trees were cut and removed from the lands of plaintiff or from the lands of Mrs. Marsh. On this question the evidence was in sharp and direct conflict, and was sufficient to support each count in the complaint in that regard.

■ To recover the statutory penalty provided by section 272, Title 47, Code of 1940, plaintiff must prove that defendants violated the statute knowingly and willfully. Clifton Iron Co. v. Curry, 108 Ala. 581, 18 So. 554; Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 440, 41 L.R.A. 650, 67 Am. St.Rep. 32.

The plaintiff testified in part:

"I own the southwest quarter of southwest quarter, section 26, Township 4, Range 26, Houston County, Alabama. This land was first deeded by the Government to Mr. Bolton and my father got it from him. I purchased it from my brothers and sisters and live within seventy-five yards of the line of it now. I have lived there all of my life. On March 24, 1941, Mr. Dawsey was on this land cutting some timber. I had a conversation with him on that time and asked him why he was cutting the trees. He stated that Mrs. Marsh sent him there to cut them and I asked him if he didn't understand that it was my land and my fence and my trees. I also told him that the line was eight or ten feet from where they were, that they were on my land not to cut them. * * *

"I heard Mrs. Marsh testify in this case in the lower court and she said that she told Mr. Dawsey to go cut those trees because it was shading her land and he could have the wood. She also said she had sent some men down there once before and I forced them away, telling her that it was my land, my trees, to stay away from there and to let them alone. When I got there the morning they were cut, they had not fallen to the ground. One of them fell over into my field and they got over there, cut it up and carried it away. It tore the fence down and I had already told Mr. Dawsey to get away from there."

■ The testimony of plaintiff was ample to carry the case to the jury under counts 1–A, 1–B and 1–C. There was no error in refusing the charges requested.

■ Plaintiff offered no evidence tending to prove the value of the lands before and after the cutting of the trees. Granade v. United States Lumber & Cotton Co., 224 Ala. 185, 139 So. 409. Nevertheless, if the jury was reasonably satisfied from the evidence that defendants were guilty of trespass, as charged in counts 3–A, 3–B and 4–A, plaintiff was entitled to recover at least nominal damages under these counts. Central of Georgia Rwy. Co. v. Barnett, 220 Ala. 284, 124 So. 868.

■ When a trespass to property is committed under circumstances of insult or contumely, mental suffering may be compensated for, when it is a proximate consequence. B. F. Goodrich Co. v. Hughes, 239 Ala. 373, 194 So. 842; Mattingly v. Houston, 167 Ala. 167, 52 So. 78; Louisville & Nashville R. Co. v. Fletcher, 194 Ala. 257,

69 So. 634; Holder v. Elmwood Corp., 231 Ala. 411, 165 So. 235.

We are persuaded that under the evidence in this case the question of plaintiff's mental suffering was properly left to the determination of the jury, and there was no error in the court's oral charge in that regard.

Ground 23 of defendants' motion for a new trial is rested upon newly discovered evidence. The newly discovered evidence consists of a survey made by one L. L. Childree, since the trial in the lower court, of the adjoining lands of plaintiff and Mrs. Marsh. It is alleged that said survey shows that the two trees cut were actually on the lands of Mrs. Marsh.

Each count of the complaint describes plaintiff's lands as the southwest quarter of the southwest quarter of section 26, township 4, range 26, Houston County, Alabama. Not only was there an entire absence of evidence of requisite diligence on the part of defendants in the premises, but from the affidavits in support of the motion on this ground it appears that the diligence exercised was since the verdict was rendered. The motion for a new trial on the ground of newly discovered evidence could not have been sustained. Woodward Iron Co. v. Sheehan, 166 Ala. 429, 52 So. 24. No other ground of the motion for a new trial is argued by appellants.

We find no error in the record, and the case is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.