17 So.2d 281

**W. E. BELCHER LUMBER CO. v. YORK.**

**7 Div. 777.**

Supreme Court of Alabama.

Feb. 24, 1944.

McQueen & McQueen, of Tuscaloosa, for appellant.

L. L. Crawford and C. A. Wolfes, both of Fort Payne, for appellee.

FOSTER, Justice.

This is a suit in two counts; both are in trespass to land. The first count charges trespass by the defendants. The second count charges it by W. E. Belcher Lumber Company, Inc., by and through its agents, servants or employees acting in the line and scope of their employment and also by the individual defendants, W. E. Belcher, W. R. Waid and C. C. Headley. There was a judgment by default against Waid, and a jury and verdict against the lumber company and C. C. Headley, and a verdict assessing the same amount of damages against Waid.

There was a motion for a new trial duly acted on and proper judgment in the record as to same: the bill of exceptions was presented and acted on in due time and no motion has been made to strike it, section 827, Title 7, Code of 1940, though appellee insists in brief that it should be disregarded because there is no sufficient judgment on the motion. But there is such a judgment, and if there were not we would not strike the bill of exceptions without a motion.

Appellee's insistence that the notice of appeal was not given as required by section 804, Title 7, Code of 1940, is refuted by the record. Such notice was given. So that there is nothing in the way of treating the question insisted on by appellant: that it was due the affirmative charge because each count is in trespass and such a count cannot be supported by proof of an unauthorized act of an agent, but for which the corporation is liable on the principle of respondeat superior. The rule said to apply is that in such a suit proof of actual participation on the part of defendant in the damnifying act is essential, or a ratification of it, and it is not enough to show that defendant's agent while acting in the line and scope of his employment committed an unauthorized trespass.

An employer is generally liable for injuries intentionally inflicted by an employee in performing the duties of his employment intrusted to him, though the employer did not authorize or ratify such conduct or had prohibited it. Postal Tel. Co. v. Brantley, 107 Ala. 683(7), 18 So. 321; Miller Brent Lumber Co. v. Stewart, 166 Ala. 657(7), 51 So. 943, 21 Ann.Cas. 1149; 35 Amer.Jur. 993, section 559.

This liability does not exist where the agent steps aside from the purpose of the agency and does a wilfull injury. Goodloe v. M. & C. R. R. Co., 107 Ala. 233, 18 So. 166, 29 L.R.A. 729, 54 Am.St. Rep. 67; Seaboard Air Line R. R. Co. v. Glenn, 213 Ala. 284, 104 So. 548.

But when the force was not directly applied by the employer, nor authorized or ratified by him, an action in trespass will not be available against him, and since his liability is then only indirect, though existent, the form of action is trespass on the case. This has been recognized since City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Louisville & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Ex parte Louisville & N. R. R. Co., 203 Ala. 328, 83 So. 52; Dawsey v. Newton, 244 Ala. 661, 15 So.2d 271, citing many other cases. It was held in them that a count, such as No. 2 here involved, is in form trespass. This same theory obtains respecting trespass to property. Alabama Midland Ry. Co. v. Martin, 100 Ala. 511, 14 So. 401; Pruitt v. Ellington, 59 Ala. 454; Drake v. Lady Ensley Coal & I. Rwy. Co., 102 Ala. 501, 14 So. 749, 24 L.R.A. 64, 48 Am.St.Rep. 77; 25 Amer.Jur. 1005, section 572.

It is not claimed that the evidence supports a theory that this appellant corporation authorized a trespass on plaintiff's land. Appellant made a verbal agreement with Waid to mine iron ore on its land adjoining that of plaintiff, and with Headley to dig coal on different land of appellant. The evidence tends to show that Waid and Headley without appellant's authority went on plaintiff's land and mined some ore and did some damage to the surface. Plaintiff owned the surface and Woodstock Land and Mineral Company owned the mineral rights. The Woodstock Company and plaintiff each separately sued, but the suits were tried on different evidence. The Woodstock case was for trover for converting the iron ore and trespass upon the mineral interests in it. This Court held that there was sufficient evidence to go to the jury on both counts. W. E. Belcher Lumber Co. v. Woodstock Land & Mineral Co., Ala.Sup., 15 So.2d 625.[1] Here there is no count in trover and no claim for conversion is made. It was held in the Woodstock case, supra, that the evidence warranted a finding that appellant after knowledge of the acts of Waid ratified the trespass and accepted the fruits of his wrong, and that therefore the affirmative charge on the trespass counts was not due that defendant.

Let us set out here the principle of ratification which will support a suit in trespass where it was by an agent without authority. It is thus stated in Burns v. Campbell, 71 Ala. 271, at pages 289, 290:

"There is no difficulty about the general rules of law governing the ratification of an agent's unauthorized act by a principal. It is settled that where such an agent, acting in the name and for the benefit of his principal, commits an unindictable trespass de bonis asportatis, or, in other words, a trespass which is voidable merely and not wholly void, as imposing a civil and not a criminal liability upon the perpetrator, the principal, after being fully informed of its tortious nature, may adopt it as his own act, and such ratification ordinarily binds the principal to the same extent, and holds him to the same civil responsibilities as if he had originally authorized it. And for many purposes the ratification will relate back to the date of the unauthorized act so as to constitute the principal a trespasser ab initio.

"But to hold the principal responsible for damages, in such cases, it must appear that he ratified the wrongful act of the agent with a full knowledge of its tortious character. Street v. Sinclair, supra, 71 Ala. 110; Lienkauf v. Morris, 66 Ala. 406. The mere appropriation of the fruits of the trespass without such knowledge, would not be sufficient. Herring v. Skaggs, 62 Ala. 180, 34 Am.Rep. 4.

"Where the relation of agency exists, and the principal derives a benefit from an act beyond the scope of the agency, the principal will be held to have ratified such unauthorized act by acquiescence, if, after being fully informed of what has been done, he fails to express his dissatisfaction within a reasonable time. Mobile & M. Rwy. Co. v. Jay, 65 Ala. 113. There are many cases, however, where mere silence, or non-interference will not amount to a ratification. Whart. Agency, § 86; 2 Greenl. Ev. § 66."

The circumstances which justified a submission of that question to the jury in the Woodstock case, supra, are absent from this record. We have carefully compared the original record of both cases and they are materially different. If there had been a count in trespass on the case in this suit different theories would obtain.

Since there is no evidence that appellant authorized Waid or Headley to trespass on the land of plaintiff, or ratified his act in doing so, we need not further in-

---

[1] Ante, p. 5.

quire into the relation between appellant and Waid or Headley to determine whether that of master and servant existed to the extent that appellant would be liable for his trespass on plaintiff's land. If such liability exists, it can only be redressed in an action of trespass on the case, so far as we are here interested, in the absence of prior authority or subsequent ratification, or personal participation in the trespass.

Appellant was due the affirmative charge on both counts of the complaint.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

