28 So.2d 193

### ATLANTIC COAST LINE R. CO. v. BRACKIN.

### 4 Div. 419.

Supreme Court of Alabama.

Nov. 14, 1946.

Rehearing Denied Dec. 12, 1946.

460

Evans Hinson, of Montgomery, and Alto V. Lee, III, of Dothan, for appellant.

461

J. Hubert Farmer, J. N. Mullins and J. N. Mullins, Jr., all of Dothan, for appellee.

BROWN, Justice.

This is an action under the homicide act by the appellee as administratrix of the estate of S. M. Brackin, deceased, against appellant Atlantic Coast Line Railroad Company for wrongfully causing Brackin's death. The case was submitted to the jury on counts 1 and 2 of the complaint and defendant's plea of "not guilty". There was a verdict and judgment for plaintiff and the defendant has appealed. Said counts aver that "the defendant by and through its agents, servants or employees who were acting within the scope of their employment, * * * did, wantonly and recklessly propel its passenger train * * *" against the automobile of plaintiff's intestate at a public crossing within the corporate limits of Dothan, thereby proximately causing his death.

■ Appellant's first contention is that said counts are in trespass imposing on the plaintiff the burden of proving that the defendant corporation actually participated in the damnifying acts causing· the death of plaintiff's intestate. This contention cannot be sustained. Said counts are in trespass on the case and in legal effect charge an unintentional application of force proximately causing said death.

A willful or intentional act is not involved in wantonness, which may consist of an inadvertent failure to act by a person with knowledge that someone is probably in peril and ·the act or failure to act is in reckless disregard of the consequences. The actions of trespass and trespass on case are clearly differentiated in Crotwell v. Cowan, 240 Ala. 119, 198 So. 126, and in City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

DeBerry v. Goodyear Tire & Rubber Co. of Alabama, 237 Ala. 223, 186 So. 547, was an action for assault and battery alleged to have been committed by one Goodall, the tire-room foreman, who had subforemen under him and who had charge of three shifts. The court held that to render the corporation liable for the act or omission to act of Goodall, the burden was on the plaintiff to show that Goodall was the alter ego or vice principal of the corporation and that he acted within the scope of his agency or employment.

W. E. Belcher Lumber Co. v. York, 245 Ala. 286, 17 So.2d 281, was an action of trespass to land. Said two last cases are inept as authorities on the question herein presented.

■ Appellant's next contention is that the "plaintiff alleges in her complaint that the defendant wantonly and recklessly propelled its passenger train over said Cherry Street crossing at a dangerous and high speed of about forty or fifty miles per hour." The evidence in the case shows that this was a public crossing that was used with great frequency by the general public and that the engineer was familiar with this crossing. "However, it was never proven and there was no testimony to the effect that this engineer knew that this crossing was used by numbers of people at about the time of day when the collision occurred." The evidence shows that the engineer had been operating trains over this crossing for 41 years; that this crossing was within the corporate limits of the City of Dothan within 1500 feet of the railroad station and in a populous neighborhood. The evidence was sufficient to afford an inference of knowledge on the part of the engineer.

462

Another contention is "that the evidence as to the train traveling at a high and dangerous speed of forty to fifty miles an hour was utterly insufficient to submit the case to the jury on this point." The argument supporting this contention goes to the credibility and probative force of the testimony—a question for jury decision. "It is not necessary there should be an exact correspondence between the allegations of the complaint and the proof. The plaintiff is only required to prove the substance of the issues." Pure Oil Co. v. Cooper, ante, p. 58, 26 So.2d 249, 251.

The evidence warranted a submission of the issues to the jury and there was evidence which, if believed, warranted the conclusion expressed by the verdict. Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

We are not of opinion that the circuit court erred in refusing the affirmative charges requested by the defendant or in overruling the motion for a new trial.

Affirmed.

GARDNER, C. J., and LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

On Rehearing.

BROWN, Justice.

Counsel for appellant renews his insistence "that the plaintiff's allegation of wantonness charged the defendant corporation with the damnifying act and in the absence of proof that the corporation participated in the damnifying act, the defendant was entitled to the affirmative charge." To sustain this contention he relies on the decision in the case of Birmingham Railway Light & Power Co. v. Hayes, 153 Ala. 178, 44 So. 1032, 1036, wherein the court speaking by Anderson, J., observed:

"The fifth count of the complaint avers that 'the defendant then and there by its servants or agents *so wantonly conducted itself* in and about the use, management, and operation of one of its cars * * * as to wantonly run said car with great violence against the plaintiff.' The count charges the corporation with actual participation in the damnifying act, * * *."

Said count was not drawn under and does not invoke the doctrine of respondeat superior.

In the instant case as pointed out in the original opinion the counts of the complaint averred that " 'the defendant by and through its agents, servants or employees who *were acting within the scope of their employment,* * * * did wantonly and recklessly propel its passenger train * * *' against the automobile of plaintiff's intestate at a public crossing within the corporate limits of Dothan, thereby proximately causing his death." These counts clearly invoke the doctrine of respondeat superior and show that the injury and death of plaintiff's intestate were consequential, not the result of direct corporate action,—counts in case, not trespass. [Italics supplied.] Southern Bell Telephone & Telegraph Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L.R.A. 193, 55 Am.St.Rep. 930.

Appellant also relies on Louisville & Nashville R. Co. v. Porter, 196 Ala. 17, 71 So. 334, 335. It will be noted that while the complaint in that case charged the agent or servant with wanton and willful wrong, it ascribed the injury and death, not to the acts of the corporation, but to the acts of the agents or servants acting within the scope of their agency. The court observed:

" * * * Wrong of this sort has been properly characterized as the equivalent of universal malice; to its existence the specific intent to injure any particular person is not essential. Weatherly v. N., C. & St. L. Ry. Co., 166 Ala. 575, 51 So. 959. This court has frequently held that to the implication of wantonness it is essential that the act done, or omitted, should be done or omitted with a knowledge and a present consciousness that injury will probably result. Louisville & N. R. Co. v. Brown, 121 Ala. [221], 226, 25 So. 609. Wantonness of that character is the moral and legal equivalent of intentional wrong, and rests upon the just apprehension, with which the wrongdoer is charged, not of a mere possibility, but of a probability, a likelihood, that untoward consequences will ensue to some one, and this probabil-

ity, this likelihood, must have support and foundation in a reasonable interpretation of the evidence. * * *."

These cases clearly illustrate that a complaint drawn properly under the doctrine of respondeat superior, though the charge is willful, intentional or wanton wrong, does not require proof that the corporation participated in the damnifying act. Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; DeBerry v. Goodyear Tire & Rubber Co., 237 Ala. 223, 186 So. 547; Ex parte Louisville & Nashville R. Co., 203 Ala. 328, 83 So. 52.

We do not wish to be understood as holding that the counts of the complaint on which the case was submitted to the jury are models of perspicuity and clearness, or that they are not subject to demurrable defects. Their sufficiency is not questioned by the assignments of error on this appeal. Turnipseed v. Burton, 4 Ala.App. 612, 58 So. 959.

The application for rehearing is without merit and is overruled

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.