105 So.2d 852

**DECATUR PETROLEUM HAULERS, Inc.,**

v.

**J. Horace GERMANY.**

8 Div. 873.

Supreme Court of Alabama.

Oct. 9, 1958.

**212**

Eyster & Eyster, Decatur, for appellant.

Powell & Powell, Decatur, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the Circuit Court of Morgan County, Alabama, awarding damages to the plaintiff for injuries received when the automobile in which he was riding as a passenger was involved in a collision with a gasoline truck of the defendant corporation. ,

The complaint consisted of two counts: One for simple negligence, the other for the willful or wanton misconduct of the defendant; both submitted to the jury.

Appellant contends that Count 2, the willful or wanton count, is in trespass, as distinguished from trespass on the case, and since no evidence of authorization, ratification or direct corporate participation was offered, the affirmative charge with hypothesis, which was requested in writing, should have been given. On the other hand, the appellee insists that Count 2 is in case, and further that, under the provisions of Act 670, General Acts of Alabama 1947, p. 513 (Sec. 138(1), Title 7, Code 1940, Cum.Pocket Part 1955), in an action alleging that a party or parties committed an act, and proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation.

In pertinent part, Count 2 reads as follows:

"The plaintiff claims of the defendant Seventy Five Thousand ($75,000.-00) Dollars, damages, for that heretofore on to wit: May 9, 1955, the plaintiff was an occupant of an automobile over which he had no management or control, which said automobile was travelling along and upon the Bee Line Highway, also commonly known as U. S. Highway Number 31, in Morgan County, Alabama, in a southerly direction at a point approximately three and one-half miles North of Hartselle, Alabama, and at said time and place

the defendant, acting by and through its agent, servant or employee, Horace Collins, who was then and there at said time and place the agent, servant or employee of the defendant and acting within the line and scope of his said employment for the defendant, wilfully or wantonly injured the plaintiff by wilfully or wantonly running a motor truck of the defendant into, upon, over and against the plaintiff and the said automobile in which the plaintiff was an occupant as aforesaid and as a proximate consequence of said wilful or wanton conduct, the plaintiff was injured and damaged in this: * * *."

We are clear to the conclusion that Count 2 states an action in trespass, and that the cause must be reversed and remanded for the lack of any evidence of authorization, ratification, or direct corporate participation on the part of the defendant. The import of the charging part of Count 2 is that "the defendant * * * wilfully or wantonly injured the plaintiff."

In City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, 390, it was clearly held that the averment that "the defendant, through its agent or servant, John McClary, wantonly, willfully or intentionally caused an ice wagon to run against plaintiff with great force, thereby throwing plaintiff to the ground, and inflicting upon her serious injuries," etc., was to the effect that the wantonness, willfulness, and intentional wrong thus averred was the wantonness, willfulness or evil intention of the defendant *itself* as contradistinguished from the wrong of the servant only, for the consequences of which the defendant is responsible merely because of its relation of employer to McClary, and, therefore, stated a cause in trespass.

Since the Henry case, supra, this court has consistently held, with the possible exception of the case of Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 28 So.2d 193, which we will discuss later, that the averment that the defendant through its agent or servant willfully or wantonly injured the plaintiff states a cause of action in trespass. Central of Georgia Railway Co. v. Freeman, 140 Ala. 581, 37 So. 387; Southern Railway Co. v. Yancey, 141 Ala. 246, 37 So. 341; Birmingham Southern R. Co. v. Gunn, 141 Ala. 372, 37 So. 329; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389; Birmingham Ry., Light & Power Co. v. Hayes, 153 Ala. 178, 44 So. 1032; Newberry v. Atkinson, 184 Ala. 567, 64 So. 46; Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906; Edwards v. Russell, 222 Ala. 484, 133 So. 3; Dawsey v. Newton, 244 Ala. 661, 15 So.2d 271; Southern Railway Company v. Sanford, 262 Ala. 5, 76 So.2d 164.

Following the Henry case, supra, this court has also consistently reversed upon the failure of the trial judge to give the affirmative charge with hypothesis when requested, in writing, by the defendant in the absence of proof of direct corporate action where the complaint was so drawn as to require such proof, irrespective of Circuit Rule 34 and 35, adopted originally on June 23, 1913 (175 Ala. XXI), Code 1940, Tit. 7 Appendix, providing that the trial court will not be put in error for refusing the affirmative charge where predicated upon a variance curable by an amendment of the pleading, and upon a failure of proof "not involving a substantive right of recovery or defense," unless the point of variance or failure has been called seasonably and specifically to the attention of the trial court. W. E. Belcher Lumber Co. v. York, 245 Ala. 286, 17 So.2d 281; DeBerry v. Goodyear Tire & Rubber Co., 237 Ala. 223, 186 So. 547; Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793; National Life & Accident Ins. Co. v. Cruso, 216 Ala. 421, 113 So. 396; Louisville & N. R. Co. v. Bartee, 204 Ala. 539, 86 So. 394, 12 A.L.R. 251; Ex parte Louisville & N R. Co., 203 Ala. 328, 83

So. 52. But inasmuch as an averment that the "defendant" negligently did the wrongful act can be supported by proof that defendant's servants or agents did the act of negligence while acting within the line and scope of their employment by the defendant, Circuit Court Rule 34 has been held to apply where the complaint charged the negligent act to the defendant but the proof showed that the act of negligence was done by the defendant's servants or agents while acting within the line and scope of their employment. Morrison v. Clark, 196 Ala. 670, 72 So. 305; Hill v. Almon, 224 Ala. 658, 141 So. 625; Watkins v. Reinhart, 243 Ala. 243, 9 So.2d 113.

In support of the contention that Count 2 states an action on the case, rather than an action in trespass, appellee relies most strongly on the case of Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 28 So.2d 193. This court has twice indicated its disapproval of the holding in that case: first, in the original opinion in Birmingham Transit Co. v. Persons, 266 Ala. 406, 96 So.2d 673, which opinion was withdrawn on application for rehearing for reasons therein set forth; and second, in the recent case of Louisville & Nashville Railroad Co. v. Johns, 267 Ala. 261, 101 So.2d 265, 277. In the Johns case, supra, we quoted from the original opinion in the Birmingham Transit Co. case, supra, as follows:

" '* * * the rule is to the effect that a count * * * which alleges that a corporate defendant wantonly injured the plaintiff, *being in trespass* requires proof of corporate participation, authorization or ratification and in the absence of such proof the defendant is entitled to the general affirmative charge with hypothesis when requested in writing. Birmingham Ry., L[ight] & P[ower] Co. v. Hayes, 153 Ala. 178, 44 So. 1032; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906. *If there be any statements in Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 28 So.2d 193, decided in 1946, in conflict with the holdings in the Hayes and Reed cases, supra, such statements are disapproved.' "* (Emphasis supplied.)

Another theory relied on by the appellee is, that Sec. 138(1), Title 7, Code of Alabama 1940, Cum.Pocket Part 1955, saves this cause from reversal. Suffice it to say, this act of the Legislature was declared unconstitutional in the recent case of Louisville & Nashville Railroad Co. v. Johns, supra. We see no point in repeating here what was so recently said in the Johns case, supra.

This Court has also held that: "The doctrine of error without injury cannot be applied to the refusal of a charge denying the plaintiff's right to recovery under one of the counts of the complaint which was not supported by any evidence, merely because there was evidence tending to support the other count, and the verdict of the jury was probably founded on them. Louisville & Nashville R. Co. v. Davis, 91 Ala. 487, 8 So. 552; Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Jones v. State, 236 Ala. 30, 182 So. 404; Jackson v. State, 249 Ala. 348, 31 So.2d 519." Jordan v. Henderson, 258 Ala. 419, 421, 63 So.2d 379, 381.

For the reasons above indicated, the case is reversed and remanded.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.