This case involves actions for assault and battery and trespass to the person. The circuit court granted a directed verdict for the defendant.
The plaintiffs, Timothy L. Joyner, Thomas Earl Hall, and Danny Wyatt, were, at the time of the incidents complained of, employees of AAA Cooper Transportation in Montgomery, Alabama. They testified that the terminal manager of AAA, Horace G. Wilhoite, committed assault and battery or trespass to their persons by forcing or attempting to force them to engage in homosexual acts with him. Their action against Wilhoite was settled for $2,000. Plaintiffs here pursue their action against *Page 365 
AAA, contending that AAA was responsible for the actions of its terminal manager.
For AAA to become liable for these alleged intentional torts of its agent, the plaintiffs must offer evidence that the agent's wrongful acts were in the line and scope of his employment, Jessup v. Shaddix, 275 Ala. 281, 154 So.2d 39
(1963); Railway Express Agency v. Burns, 255 Ala. 557,52 So.2d 177 (1950); Perfection Mattress Spring Co. v. Windham,236 Ala. 239, 182 So. 6 (1938); Western Union Telegraph Co. v.Hill, 25 Ala. App. 540, 150 So. 709, cert. denied, 227 Ala. 469,150 So. 711 (1933); or that the acts were in furtherance of the business of AAA, Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212,102 So. 130 (1924); Solmica of the Gulf Coast, Inc. v.Braggs, 285 Ala. 396, 232 So.2d 638 (1970); or that AAA participated in, authorized, or ratified the wrongful acts,Decatur Petroleum Haulers, Inc. v. Germany, 268 Ala. 211,105 So.2d 852 (1958); C.O. Osborn Contracting Co. v. Alabama GasCorp., 273 Ala. 6, 135 So.2d 166 (1961).
Neither Hall nor Wyatt reported any of these incidents to Wilhoite's superiors. Joyner informed Earl Dove, an officer of AAA, about the advance Wilhoite made to him. Dove immediately informed William Buntin, the general manager over all AAA terminals, of Joyner's complaint. Buntin conducted an investigation and informed Wilhoite that if another complaint of this nature came to his attention he would lay off Wilhoite and conduct a full scale investigation. Buntin told Joyner that an incident of this nature would not occur again, and Joyner testified that another incident, in fact, did not occur. The conduct of AAA, when confronted with this complaint, can certainly not be characterized as ratification of Wilhoite's activities.
Furthermore, a careful search of the record fails to reveal even a scintilla of evidence to indicate that Wilhoite's acts were within the line and scope of his employment or that they were in furtherance of AAA's business.
Because there is not a scintilla of evidence to support any of the plaintiffs' theories of recovery against AAA, we find that the trial court properly granted the motion for a directed verdict. Hickox v. Vester Morgan, Inc., 439 So.2d 95 (Ala. 1983); City of Birmingham v. Wright, 379 So.2d 1264 (Ala. 1980); Crigler v. Salac, 438 So.2d 1375 (Ala. 1983). Therefore, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.